570 So.2d 98 (1990)
Gary McDONALD
v.
AMERICAN GENERAL FIRE AND CASUALTY COMPANY.
No. 90-CA-0254.
Court of Appeal of Louisiana, Fourth Circuit.
October 30, 1990.
Writ Denied January 11, 1991.
Gary W. Bizal, Pierce & Bizal, New Orleans, for appellant.
Richard S. Vale, Blue, Williams & Buckley, Metaire, for appellee.
Before CIACCIO, WILLIAMS and BECKER, JJ.
CIACCIO, Judge.
Plaintiff, Gary McDonald, appeals a trial court judgment in favor of his employer, defendant American General Fire and Casualty Company (American General), dismissing his worker's compensation suit. We affirm.
Plaintiff filed a worker's compensation claim for alleged mental injuries occurring on October 27, 1986 while in the course and scope of his employment with American General as an insurance salesman and collector. He began working for the company in 1984 as an agent collecting and servicing accounts. After eight months of employment plaintiff was promoted to sales manager. Shortly before the alleged disabling incident, plaintiff resigned his position as sales manager and resumed his previous position, apparently to make more money. On October 27, 1986, plaintiff's immediate supervisor, Ralph Cochran, confronted him about certain actions Mrs. McDonald had taken regarding a company computer that had been stolen from plaintiff's car. According to plaintiff, Cochran forced him back against his desk, spoke to him directly in the face and would not move or drop the subject. Plaintiff testified at trial that he was afraid he would be fired or that Cochran would hit him.
Immediately after the confrontation with Cochran, plaintiff started shaking uncontrollably. He tried to work but could not. Plaintiff then had a co-worker drive him to meet his wife. Mrs. McDonald, alarmed by plaintiff's condition, drove him to the office *99 of Dr. George Pettit, a cardiologist, who referred him to Dr. Champa Chakraborti, a psychiatrist. After examining plaintiff that afternoon, Dr. Chakraborti diagnosed him as having generalized anxiety disorder and major depression and also found he was unable to return to work.
Following several months of treatment by Dr. Chakraborti and unable to work due to his mental condition, plaintiff filed a claim against American General with the Louisiana Office of Worker's Compensation. The dispute was not resolved and plaintiff filed suit in the district court.
In his petition plaintiff alleges he suffered a nervous breakdown and an acute anxiety attack as a result of his employment with American General. He further alleges that the injuries were of a permanent disabling nature preventing him from working as an insurance salesman and collector since the date of the incident.
In the case of Sparks v. Tulane Medical Center Hospital & Clinic, 546 So.2d 138 (La.1989), the Supreme Court allowed an employee to recover worker's compensation benefits for a mental injury induced by mental stress caused by a significant employment incident when not accompanied by any apparent signs of physical trauma. The Court stated in Sparks:
We emphasize, however, that a mere showing that a mental injury was related to general conditions of employment, or to incidents occurring over an extended period of time, is not enough to entitle the claimant to compensation. The mental injury must be precipitated by an accident, i.e., an unexpected and unforeseen event that occurs suddenly or violently.
Among the cases involving work-related disabilities which appear to be essentially mental in nature, there are a number of examples of the type of sudden and unusual event which can truly be considered an "accident." See, e.g., Bailey v. American General Ins. Co., [154 Tex. 430, 279 S.W.2d 315 (1955)], supra (plaintiff watched co-employee fall to death after collapse of scaffold); Sutherland v. Time Saver Stores, Inc., [428 So.2d 972 (La.App. 1st Cir.1983)], supra (robbery and fear of imminent sexual abuse); Davis v. Oilfield Scrap & Equipment Co., 482 So.2d 970 (La.App. 3rd Cir. 1986) (co-employee suicide, see discussion in note six, supra). In cases involving such readily identifiable, unusual and dramatic events, compensation is appropriate when there is sufficient evidence that the sudden event caused the disabling mental condition. On the other hand, absent an identifiable accident of this type, an employee's general allegation that he is unable to work due to stress or tension caused by working conditions would not give rise to a compensable claim.
In summary, a mental injury induced by mental stress that is caused by an unexpected and sudden or violent employment-related event may be compensable under the Act. Id. at 147.
The Court in the companion case of Williams v. Regional Transit Authority, 546 So.2d 150 (La.1989), also stated that:
In view of the sometimes nebulous characteristics of mental injuries and the possibility of symptoms being feigned, utmost care should be exercised in determining whether the employee proved that he suffered such an injury and proved that the injury was causally related to his employment. [Citations omitted] 546 So.2d at 158.
It is well settled that in a worker's compensation suit, the employee bears the burden of proving a work-related accident caused the injury by a preponderance of the evidence. DeGruy v. Pala, Inc., 525 So.2d 1124 (La.App. 1st Cir.1988), writ denied, 530 So.2d 568 (La.1988).
At trial Dr. Chakraborti testified on behalf of plaintiff. According to her, plaintiff was suffering major depression and generalized anxiety disorder at the time of her initial examination, the day of the incident at work. Dr. Chakraborti treated plaintiff regularly from the date of the confrontation with his boss until shortly before the trial. At one point early in his therapy, Dr. Chakraborti described plaintiff as very shaky, restless, jumpy, forgetful, *100 frightened and confused. She testified that plaintiff was totally helpless and unable to function daily without the constant support of his wife. Dr. Chakraborti testified that she wanted to hospitalize plaintiff to treat the severe anxiety and depression but that he would not consent to it because his medical insurance did not provide coverage. Although plaintiff had been taking Valium prescribed by Dr. Pettit regularly when he first saw Dr. Chakraborti for treatment, Dr. Chakraborti prescribed several anti-depressant medications as well as sleeping medication. Dr. Chakraborti testified that while plaintiff suffered from anxiety and nervousness and had been treated by Dr. Pettit for four years for this problem, the condition became a major psychiatric disorder following plaintiffs problems at work. She testified that the theft of plaintiffs automobile and his confrontation with Cochran aggravated his condition. Dr. Chakraborti opined that plaintiffs mental disorder is a disability preventing him from working in insurance sales or other types of employment requiring interaction with people. Dr. Chakraborti testified the major conflict plaintiff had with his immediate supervisor on October 27, 1986 caused the disabling mental injury. She further testified that by the time of trial plaintiffs mental depression had improved but that he remained functionally impaired in that he was unable to cope with daily situations and still required psychiatric treatment.
Plaintiff testified at trial that his employment at American General caused his nervous breakdown because he worried about his salary, vacation and the theft of his car and the company's computer. He denied that his prior marital problems or recent personal bankruptcy contributed to his mental condition. Plaintiff testified that before the incident, he had performed his work as a manager and sales agent, that he had no psychological complaints and that his marital and financial problems had been resolved.
Dr. Richard Roniger, a psychiatrist, performed an independent medical evaluation of plaintiff on November 28, 1988, after reviewing plaintiff's medical records from Dr. Pettit and Dr. Chakraborti. Dr. Roniger testified at trial that plaintiff's medical history revealed that he had a longstanding anxiety disorder and chronic substance abuse. He noted that plaintiff's use of a variety of medicines including narcotics, Percodan and Solabid and heavy dosages of Valium regularly for several years contributed to his depressed state. According to Dr. Roniger, plaintiffs financial and marital problems were significant contributing factors in the continuation of his anxiety disorder. He testified that plaintiff had the anxiety disorder prior to going to work at American General and attributed it in part to his financial and personal problems, which together with the confrontation with his supervisor and the theft of the computer, made his condition chronic and acute. Dr. Roniger opined that plaintiffs mental disorder did not render him disabled from gainful employment and that the job related stress and confrontation would not have caused a psychologic illness.
Cochran testified at trial regarding the incident between him and plaintiff at work. He acknowledged that he was displeased with the way plaintiff handled the theft of the computer with the company, but disclaimed any animosity towards plaintiff. He testified they had a good working relationship and characterized the incident on October 27, 1986 as a discussion rather than a confrontation.
Based on the testimony and other evidence in the record, the trial judge found that plaintiff's mental condition and symptoms pre-dated the October 27, 1986 incident. He further concluded as set forth in his reasons for judgment:
[P]laintiff did not experience any unexpected or unforeseen event happening suddenly or violently. The plaintiff experienced an every day business occurrence requiring an every day business adjustment with various ups and downs to which business people are accustomed and which is experienced by any person who is employed.
In summary, the plaintiff has not shown by a preponderance of the evidence that his emotional problems were *101 proximately caused or precipitated or aggravated by a job related accident.
The plaintiff did suffer stress, anxiety and depression, but the evidence and plaintiffs general allegations that he is unable to work due to stress or tension caused by working conditions does not give rise here to a compensable claim.
An appellate court must give great weight to the factual conclusions of the trier of fact. Where there is a conflict in the testimony, reasonable evaluation of credibility and reasonable inferences of fact should not be disturbed upon review unless manifestly erroneous or not supported by the evidence. Arceneaux v. Dominique, 365 So.2d 1330 (La.1978).
Our review of the record in this matter reveals the trial court's findings are not clearly wrong and thus, will not be disturbed on appeal. Accordingly, the judgment of the trial court in favor of American General dismissing plaintiffs suit is affirmed.
AFFIRMED.