671 So.2d 3 (1996)
Neil CRESSIONNIE
v.
FISK ELECTRIC.
No. 93-CA-931.
Court of Appeal of Louisiana, Fifth Circuit.
February 14, 1996.
*4 Edward J. Cloos, III, Metairie, for appellant/plaintiff Neil Cressionnie.
Kevin T. Phayer, Metairie, for appellees/defendants Fisk Electric and Liberty Mutual Insurance Company.
Before DUFRESNE and CANNELLA, JJ., and REMY CHIASSON, J. Pro Tem.
CANNELLA, Judge.
Plaintiff, Neil Cressionnie, appeals from a judgment dismissing his claim against Fisk Electric (Fisk) and Liberty Mutual Insurance Company (Liberty) for workers compensation benefits. We affirm, finding that plaintiff failed to prove that he suffered a compensable injury.
In 1989, plaintiff was employed as the general foreman for Fisk on the construction of the Consolidated Natural Gas (CNG) building in New Orleans, Louisiana. He had been employed by Fisk for fifteen years and had previously been a foreman over specific portions of other Fisk jobs involving high rise buildings. This was the first time he was elevated to the general foreman position and responsible for the entirety of Fisk's contract work.
On October 18, 1989, plaintiff suffered what was later diagnosed as physical symptoms of a panic attack. He returned to work, but was admitted into the hospital for three days later that month for gastrointestinal problems. He missed a few more days because of his recurring nausea, dizziness, ear, jaw and chest pain, and gagging. Although plaintiff remained on the job until February 1990, his physical symptoms were increasing and he was suffering spontaneous panic attacks. Plaintiff was hospitalized again in February for five days. Tests revealed severe gastritis and other gastrointestinal problems that the medical evidence related to job stress. His mental incapacity worsened and he was diagnosed as suffering from panic disorder. Plaintiff was seen by various doctors, psychiatrists and psychologists and he began receiving workers compensation benefits. In addition, he eventually began receiving social security disability. To date, he has been declared totally disabled by his treating physicians. Although plaintiff remains under treatment for his mental condition and physical symptoms resulting from his panic disorder, defendant discontinued workers compensation benefits in June of 1992.
The hearing on plaintiff's claim for benefits was held on June 18, 1992 before hearing officer, Milton Osborne, and on August 28, 1992 before hearing officer, Glynn Voisen. On February 3, 1993, a judgment was rendered dismissing plaintiff's claim along with fifty-two pages of reasons for judgment.
On appeal, plaintiff asserts that the hearing officer erred in failing to construe the law and evidence in a manner favorable to the claimant, as required by the Louisiana Supreme Court. Second, plaintiff asserts that the hearing officer erred in failing to evaluate this matter pursuant to the mental-physical standards as enunciated in Sparks v. Tulane Medical Center Hospital and Clinic, 546 So.2d 138 (La.1989). Third, plaintiff asserts that the hearing officer erred in failing to apply a presumption of disability. Fourth, plaintiff contends that the hearing officer *5 erred in relying principally on a non-treating, non-physician expert in reviewing expert testimony. Fifth, plaintiff argues that the hearing officer erred in failing to consider all of the testimony in the case. Sixth, plaintiff asserts that the hearing officer erred in relying on evidence not of record. Seventh, plaintiff contends that the hearing officer erred in applying an adverse presumption for plaintiff's failure to call a certain witness.
La.R.S. 23:1021(7)(b) is the applicable statute in this case because plaintiff does not contend that he has developed a panic disorder from a physical injury. Here, he contends that he suffers from a mental injury caused by mental stress. The statute provides that:
(7)(a) "Injury" and "personal injuries" include only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, however caused or contracted.
(b) Mental injury caused by mental stress. Mental injury or illness resulting from work-related stress shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter, unless the mental injury was the result of a sudden, unexpected, and extraordinary stress related to the employment and is demonstrated by clear and convincing evidence.
(c) Mental injury caused by physical injury. A mental injury or illness caused by a physical injury to the employee's body shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence.
(d) No mental injury or illness shall be compensable under either Subparagraph (b) or (c) unless the mental injury or illness is diagnosed by a licensed psychiatrist or psychologist and the diagnosis of the condition meets the criteria as established in the most current issue of the Diagnostic and Statistical Manual of Mental Disorders presented by the American Psychiatric Association.
Thus, plaintiff has the burden of proving, by clear and convincing evidence, that his mental disorder is the result of "a sudden, unexpected, and extraordinary stress related to the employment...." Id.; Jeansonne v. Wick Publishing Co., 94-CA-462 (La.App. 5th Cir. 11/29/94), 646 So.2d 1212, writ denied 94-C-2963 (La. 2/3/95), 649 So.2d 405. In Jeansonne, plaintiff alleged a mental injury from mental stress resulting from being yelled-at by her supervisor and from certain accusations. She also asserted mental stress from physical injury when she was unintentionally struck by a chair thrown by her supervisor. Plaintiff was denied compensation. In Jeansonne, a panel of this court followed Bryant v. Giani Inv. Co., 626 So.2d 390, 392-3 (La.App. 4th Cir.1993); writ denied, 94-0089 (La. 3/18/94), 634 So.2d 852, because we agreed that the extraordinary nature of the stress must be determined by whether an ordinary reasonable person of usual sensibilities would find the stress extraordinary, not from the point of view of the claimant. Bryant v. Giani Inv. Co., 626 So.2d at 392-3 (argument with supervisor allegedly resulting in post-traumatic stress syndrome not compensable); Jeansonne v. Wick, 646 So.2d at 1215. The court in Jeansonne further agreed with the trial court that plaintiff failed to prove a physical injury. Furthermore, the Louisiana Supreme Court in the Sparks case, at 546 So.2d 147, stated:
We emphasize, however, that a mere showing that a mental injury was related to general conditions of employment, or to incidents occurring over an extended period of time, is not enough to entitle the claimant to compensation. The mental injury must be precipitated by an accident, i.e., an unexpected and unforeseen event that occurs suddenly or violently.
In this case, the facts show that the CNG building was built on the top of several stories containing a shopping mall. Defendant was brought into the construction later than usual. The general contractor for the construction was Bellows Construction Corporation *6 (Bellows), a company that had worked with defendant in the past. During the construction, tenants began moving into the building and defendant was pushed to complete core portions of the building, such as the elevators, chillers and cooling equipment for the air-conditioning system and bathrooms. The foremen were not given plans ahead of time, but were instead provided with "shop" drawings, which were prepared from the formal plans as the job progressed. Weekly meetings were held between defendant's superintendent and foremen and the Bellows superintendent. Because the tenants were going to occupy the building before the entire job was completed, plaintiff was pushed to have his workers complete tenant areas ahead of schedule. This required the shuffling of workers. Adding to that pressure was the fact that they were trying to comply with the requests without drawings. The job was described as "putting out fires" by Gary Scamatta, another foreman on the job.
On October 18, 1989, plaintiff attended his regular meeting with all the foremen, the president and the Bellows foreman. A minor argument occurred when the Bellows foreman pressured plaintiff to complete the tenant areas ahead of schedule. Plaintiff testified that this was work on top of the already scheduled work. Later that day, plaintiff collapsed to his knees while on the roof of the building. He was helped down to his office by Gary Scamata and John Weaver, two of the other foremen. He was pale and shaking. Plaintiff rested then returned to work. He later began suffering gaging and choking spells. Over the next few months, he was hospitalized twice for gastrointestinal problems and chest pains attributed to job stress. It was also determined that plaintiff was suffering from panic attacks. After the job was finished in February 1990, he never returned to work. Plaintiff continued to seek and receive medical and psychiatric treatment for panic disorder. All of the medical evidence agreed that his condition was caused by job stress.
In his testimony, plaintiff referred to the meeting of October 18, 1989. However, he reported to the physicians, the psychologist and the psychiatrists who later treated him, that his problem was caused by increasing job stress. He indicated to them that he was a perfectionist. Because of the size of the job and the manner in which it was run, he was unable to do everything himself. Thus, he felt that he could not keep up with it, concluding that the general foreman's job was too much for him to handle. Neither he nor anyone else testified to any specific incident, other than the meeting on October 18, 1989, which triggered the panic attack. The testimony of Gary Scamata, John Weaver and Pierre Stuce project manager) indicated that this job may have had more problems than usual because of the scheduling changes and the tenants moving into the building before it was completed. Norman Schneider, the superintendent on the job, Clark Battle, the vice-president at the time, and Shawn Fenerty, the project manager, disagreed. They testified that it was not unusual to work from shop drawings, to change schedules or to have demands to complete areas ahead of schedule on high rise jobs, although Schneider stated that working without drawings is not usual. He further testified that each job of this nature has conditions that tax the workers. It was noted that tenants often move in ahead of full completion on high rise projects and that plaintiff was not under any more stress than the rest of the supervisors or foremen. These witnesses testified that all jobs have time pressure.
In regard to plaintiff's specific allegations of error, we find that the hearing officer did not commit manifest error in his factual findings nor did he err in any legal application of the law to the facts. We have reviewed the record and the evidence thoroughly and find that the facts presented by plaintiff simply do not meet the requirements of R.S. 23:1021(7)(b). The language of the statute is specific. While plaintiff showed that his mental injury was the result of his employment and that he is disabled from that injury, he failed to show that it is a compensable injury. Plaintiff did not bear his burden of proof by clear and convincing evidence that the injury was the result of a sudden, unexpected, and extraordinary stress. The evidence shows that there was no sudden stressful event because the meeting on October *7 18, 1989 did not present plaintiff with any new pressure, the stress was not unexpected for a general foreman on this type of job and the stress was not extraordinary for the particular work. Thus, we find that the hearing officer did not err in concluding that plaintiff is not entitled to workers compensation.
Accordingly, the judgment of the hearing officer is hereby affirmed and costs of this appeal are to be paid by plaintiff.
AFFIRMED.