929 So.2d 121 (2006)
Cecile PAYNE
v.
ORLEANS PARISH SCHOOL BOARD.
No. 2005-CA-0682.
Court of Appeal of Louisiana, Fourth Circuit.
March 2, 2006.
*123 Philip A. Costa, Costa Law Firm (APLC), New Orleans, LA, for Defendant/Appellant.
(Court Composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, and Judge MAX N. TOBIAS, JR.).
MAX N. TOBIAS, JR., Judge.
The defendant, the Orleans Parish School Board ("OPSB"), appeals the workers' compensation judgment awarding the plaintiff, Cecile Payne ("Payne"), compensation benefits and attorney's fees. The plaintiff answered the appeal, seeking additional attorney's fees.
*124 Payne was employed with the OPSB in the fall of 2001 as a middle school teacher at Sophie B. Wright Middle School ("SBWMS"). During the fall 2001 semester, SBWMS was under renovation. The students and teachers from the school were sent to Landry Middle School. The students and teachers returned to SBWMS later in the semester when the renovations were completed. Payne sought a "504" accommodation due to the air quality at the school. The accommodation was granted and she was transferred to Israel Augustine Middle School. While at Israel Augustine Middle School, Payne was assigned to team teach with another teacher and tutor students. In addition to these duties, she also substituted for absent teachers when needed.
On 13 December 2001, Payne was substituting for another teacher. Several boys in the class became unruly and disrupted the class. The boys were cursing and punching other students. One of the boys picked up a desk and threw it at Payne. The desk fell on her leg and foot. Payne sent the boys to see Mr. James Gray, the assistant principal and disciplinarian. When the boys returned to the classroom, they cursed and threatened Payne.
Thereafter, Payne did not return to work and on 18 February 2002 informed the school administration that she could not return due to physical and mental injuries from the incident. Payne sought assault pay from the OPSB, but her claim was denied. She filed a claim for workers' compensation on 23 January 2003. After a trial on 2 September 2004, the workers' compensation judge rendered a judgment granting Payne compensation benefits, penalties, and attorney's fees. The judge found that Payne suffered both physical and mental injuries as a result of the incident that occurred within the course and scope of her employment on 13 December 2001. The judge denied the OPSB's exception of prescription, finding that Payne was paid wages in lieu of workers' compensation benefits until 3 May 2002, and she filed her claim within the one year period provided for in La. R.S. 23:1209(A). The judge determined that Payne was entitled to temporary total disability benefits from 4 May 2002 forward and to have all medical bills and expenses, including mileage, paid by the OPSB. The workers' compensation judge also imposed penalties and attorney's fees. The judgment provided in pertinent part:
* * *
Defendant employer/insurer did fail to timely pay workers' compensation benefits pursuant to La. R.S. 23:1201 B (TTD, PTD or DEATH), and the defendant did not reasonably controvert the claim nor did it occur due to conditions over which defendant had no control; and
For violation of La. R.S. 23:1201 B, attorney's fees are awarded in the amount of one thousand five hundred and 00/100 dollars ($1500.00), which are assessed against defendant employer; and
For violation of La. R.S. 23:1201 B a penalty is assessed in the amount of twelve percent (12%) of the unpaid compensation or a total of not more than fifty dollars per calendar day, whichever is greater, but the $50.00 per day penalty not to exceed an aggregate of two thousand dollars ($2,000.00) is assessed against defendant insurer, the Orleans Parish School Board, under La. R.S. 1201 F;
* * *
Defendant employer did fail to timely authorize and/or pay medical benefits pursuant to La. R.S. 23:1201 E, and the *125 defendant did not reasonably controvert the claim nor did it occur due to conditions over which defendant had no control; and
For violation of La. R.S. 23:1201 E, attorney's fees are awarded in the amount of one thousand five hundred and 00/100 dollars ($1,500.00), which are assessed against defendant employer; and
For violation of La. R.S. 23:1201 D, a penalty is assessed in the amount of twelve percent (12%) of the unpaid compensation or a total of not more than fifty dollars per calendar day, whichever is greater, but with the $50.00 per day penalty not to exceed an aggregate of two thousand dollars ($2,000.00) is assessed against defendant insurer, the Orleans Parish School Board, under La. R.S. 23:1201 F;....
The OPSB appealed the judgment, asserting three assignments of error:
1. The workers' compensation judge committed reversible error in failing to dismiss the claim based upon the defensive plea of prescription.
2. The workers' compensation judge committed reversible error in finding that the claimant suffered both physical and mental injuries.
3. The workers' compensation judge committed reversible error in assessing penalties and attorney's fees.
Generally, a worker's compensation claim is barred unless asserted within one year from the date of the accident. La. R.S. 23:1209A. When the injury does not result at the time of the accident or does not develop immediately after the accident, the one-year limitation does not take effect until one year from the time the injury develops. Id. In such cases, however, the claim is forever barred unless instituted within two years of the accident. Id. Generally, the party pleading prescription bears the burden of proof on the issue, unless prescription is evident from the face of the pleadings, in which case the plaintiff bears the burden of showing that the action has not prescribed. Id.; see also Hardy v. Easy T.V. and Appliances of Louisiana, Inc., 01-0025, p. 7 (La.App. 4 Cir. 12/12/01), 804 So.2d 777, 782, citing Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992).
Prescription is interrupted by the payment of wages in lieu of compensation when suit is filed within one year of such payment. La. R.S. 23:1209(A); Lester v. Rebel Crane and Service Co., 393 So.2d 674, 676 (La.1981). The test to determine if wages were paid in lieu of compensation is whether the wages were actually earned by the employee. Franz v. New Orleans Breakers, Ltd. Partnership, 515 So.2d 1120, 1123 (La.App. 5 Cir.1987). If the wages were actually earned by the employee, then the wages were not paid in lieu of compensation and prescription is not interrupted. Id.; Ortis v. Ortco Contractors, Inc., 00-1460, pp. 3-4 (La.App. 1 Cir. 9/28/01) 809 So.2d 300, 301; Bledsoe v. Willowdale Country Club, 94-234, p. 4 (La. App. 5 Cir. 9/27/94), 643 So.2d 1302, 1304.
In the present case, Payne relies upon payroll records from the OPSB in support of her argument that she received wages in lieu of compensation benefits. The payroll records indicate that she was paid her salary from 13 December 2001 to 3 May 2002, even though she did not return to work after 13 December 2001. However, the OPSB argues that the workers' compensation judge erred in admitting the records into evidence because Payne failed to provide testimony authenticating the payroll records as required by La. C.E. article 901(A). We note, however, that article 1101 of the Louisiana Evidence Code indicates that such requirements are *126 not mandatory in workers' compensation matters. The statute provides in pertinent part the principles of the Code of Evidence "shall serve as guides to the admissibility of evidence" and "the specific exclusionary rules ... shall be applied only to the extent that they tend to promote the purposes of the proceeding." La. C.E. art. 1101. In admitting the payroll records into evidence, the workers' compensation judge noted that the OPSB provided the payroll documents to Payne in response to a discovery request. The workers' compensation judge had the discretion to admit the payroll records into evidence. Also introduced into evidence was correspondence between the plaintiff's counsel and the defendant that suggested that Payne was actually receiving sick leave pay during this time period. The workers' compensation judge, presented with conflicting evidence, chose to accept Payne's testimony that she received wages, not sick leave pay. He determined that her wages were not earned and were paid in lieu of compensation benefits. Payne received her last paycheck on 3 May 2002. Her claim, filed on 23 January 2003, was timely. The OPSB's exception of prescription was correctly denied.
The OPSB argues that the workers' compensation judge committed reversible error when he found that the plaintiff suffered both physical and mental injuries.
Payne testified that on the day she was injured, she was substituting for another teacher. Several boys in her class became disruptive and started hitting other students. She sent the boys to Mr. Gray, the assistant principal and disciplinarian. The boys returned to the classroom several minutes before school was over. They continued to hit other students, and cursed and threatened the plaintiff's life. One of the boys picked up a desk and threw it at her. She stated that the desk hit her right shoulder and then fell on her right leg. Payne has a scar approximately one-half inch long from the injury to her leg. She testified that she notified the school secretary the day after the incident that she was injured from the incident and could not return. She also testified that after the incident, she started having nightmares and homicidal thoughts. Payne began treating with Dr. Answar Ismail, a psychiatrist, who diagnosed her as being depressed with suicidal and homicidal tendencies because of traumatic stress. She was still under treatment with Dr. Ismail at the time of trial. Dr. Ismail indicated in his notes that Payne was unable to return to work.
Cynthia Frederick testified on behalf of the plaintiff. Ms. Frederick, a teacher from SBWMS who was also transferred to Israel Augustine Middle School, stated that Payne informed her of the incident where a student hit her with a desk. Ms. Frederick testified that the school atmosphere at Israel Augustine Middle School was chaotic. She stated that students roamed the halls and were very aggressive. Between classes, the students would bang on the doors and use profanity, often cursing other students and teachers. Ms. Frederick stated that a student had assaulted her.
Mr. James Gray testified that he did not have any knowledge of the alleged incident. He also stated that the students at Israel Augustine Middle School were typical middle school students and did not pose any major discipline problems.
Ms. Kim Hypolite was the principal at Israel Augustine Middle School at the time of the incident. She testified that she was not on the school premises at the time of the alleged incident. Ms. Hypolite stated that she had no knowledge of the alleged incident until February 2002. She acknowledged that the students would get *127 rowdy and fight among themselves. She also admitted that some of the students were prone to use profanity in their conversations with other students and teachers.
Mr. Kelvin Adams, executive director of middle schools for the OPSB in the fall of 2001, testified that he became aware of an incident that involved Payne and asked Ms. Hypolite to investigate the matter. Mr. Adams stated that the school's union representative prior to the Christmas break of 2001 informed him of the matter.
Entitlement to weekly workers' compensation benefits hinges upon a worker's proof of a disabling work-related injury, whether temporary or permanent. Garnier v. Orleans Parish School Board, 01-0860, p. 20 (La.App. 4 Cir. 7/31/02), 824 So.2d 1222, 1234, citing Parker v. National Linen Service, 95-0500 (La.App. 4 Cir. 3/14/96), 671 So.2d 963. A worker seeking temporary total disability must prove by clear and convincing evidence that he or she is unable to engage in any gainful occupation, whether or not the same type of work he or she was engaged in at the time of injury. La. R.S. 23:1221(1)(c).
La. R.S. 23:1021(8) provides in pertinent part:
(a) "Injury" and "personal injuries" include only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, however caused or contracted.
(b) Mental injury caused by mental stress. Mental injury or illness resulting from work-related stress shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter, unless the mental injury was the result of a sudden, unexpected, and extraordinary stress related to the employment and is demonstrated by clear and convincing evidence.
(c) Mental injury caused by physical injury. A mental injury or illness caused by a physical injury to the employee's body shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence.
(d) No mental injury or illness shall be compensable under either Subparagraph (b) or (c) unless the mental injury or illness is diagnosed by a licensed psychiatrist or psychologist and the diagnosis of the condition meets the criteria as established in the most current issue of the Diagnostic and Statistical Manual of Mental Disorders presented by the American Psychiatric Association. [Emphasis in original.]
When the mental injury is caused by mental stress, the plaintiff has the burden of "proving, by clear and convincing evidence, that his mental disorder is the result of `a sudden, unexpected, and extraordinary stress related to the employment....'" [Emphasis in original] Cressionnie v. Fisk Elec., 93-931, p. 4 (La.App. 5 Cir. 2/14/96), 671 So.2d 3, 5, citing Jeansonne v. Wick Publishing Co., 94-462, p. 5 (La.App. 5 Cir. 11/29/94), 646 So.2d 1212, 1214. A mere showing that a mental injury is related to the general conditions of employment, or to incidents occurring over an extended period of time, is not enough to entitle the claimant to compensation. Id. The mental injury must be precipitated by an accident, i.e., an unexpected and *128 unforeseen event that occurs suddenly or violently. Sparks v. Tulane Medical Center Hospital and Clinic, 546 So.2d 138, 147 (La.1989).
Unlike a mental injury caused by mental stress, a mental injury resulting from a work-related physical injury need not be the result of a sudden, unexpected, and extraordinary stress related to the employment. LaDay v. Catalyst Technology, 00-1973, p. 7 (La.App. 1 Cir.11/9/01), 818 So.2d 64, 68. Nevertheless, a physical injury established by objective findings at the time of the event must be clearly shown and the claimed mental illness must be clearly linked to that objective, physical event. Traweek v. City of West Monroe, 30,571, p. 8 (La.App. 2 Cir. 5/13/98), 713 So.2d 655, 661.
A plaintiff-employee's disability will be presumed to have resulted from an employment accident if before the accident the plaintiff-employee was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves, provided that the evidence shows that there is a reasonable possibility of causal connection between the accident and the disabling condition. This presumption is not a conclusive one; rather, it compels the defendant to come forward with sufficient contrary evidence to rebut it. Doucet v. Baker Hughes Production Tools, 93-3087 (La.3/11/94), 635 So.2d 166, 167-68, citing Hammond v. Fidelity & Casualty Co. of New York, 419 So.2d 829, 831 (La.1982).
The cause of disability is to be determined by the totality of the evidence, both medical and lay. Further, in evaluating the evidence, the trier of fact should accept as true the uncontradicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances in the record casting suspicion on the reliability of the testimony. West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1147 (La.1979).
Factual findings in workers' compensation cases are subject to the manifest error/ clearly wrong standard of review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. Smith v. Louisiana Dept. of Corrections, 93-1305, p. 4 (La.2/28/94), 633 So.2d 129, 132. In applying the manifest error/ clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact-finder's conclusion was a reasonable one. Freeman v. Poulan/Weed Eater, 93-1530, p. 5 (La.1/14/94), 630 So.2d 733, 737-38; Stobart v. State, Through Dept. of Transp. and Development, 617 So.2d 880, 882 (La. 1993); Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 882. Thus, "if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La. 1990).
In the case at bar, Payne's testimony established that the assault occurred. She testified that the student threw a desk at her, resulting in physical injury to her leg. She further stated that she started having nightmares and homicidal thoughts after the incident. She began treating with Dr. Ismail in January of 2002. She was still treating with Dr. Ismail at the time of trial, who diagnosed her as suffering from a major depressive disorder with psychotic *129 features and post-traumatic stress disorder. He concluded that Payne's illness was a result of the assault. Dr. Ismail stated that Payne is unable to return to work because of mental stress and danger to others. He opined that she is disabled due to impulse control deficit, psychosis, and violent threats. Ms. Frederick, who stated that students roamed the halls and used profanity regularly, corroborated Payne's testimony concerning the discipline problem at Israel Augustine Middle School.
While the OPSB's witnesses dispute that the accident occurred, their testimony is contradicted by each other's testimony. Mr. Gray testified that the plaintiff never reported any disruptive students to him. He also stated that the students at Israel Augustine Middle School were no different from other middle schools and that there were no major discipline problems at the school. Ms. Hypolite also stated that there were no major discipline problems at the school. However, Ms. Hypolite admitted on cross-examination that the students at Israel Augustine Middle School fight and use profanity on a regular basis. She indicated that the fighting was a result of the students coming from different housing developments. Ms. Hypolite also testified that she had no knowledge of the alleged assault until February 2002, when she received the incident report. Ms. Hypolite's testimony is contradicted by Mr. Adams' testimony that he asked Ms. Hypolite to look into the alleged incident in December 2001. Mr. Adams testified that a union representative advised him that something had occurred at the school concerning Payne and he asked Ms. Hypolite, before Christmas, to look into the matter.
We find that Payne has produced clear and convincing evidence that she was injured on 13 December 2001, when a student threw a desk at her. She sustained both physical and mental injuries as a result of the incident. Dr. Ismail stated in the plaintiff's medical records that her illness is due to the assault, which was an unexpected and unforeseen event. Payne had been at Israel Augustine Middle School for only a few weeks when the incident occurred. Both Payne and Ms. Frederick stated that the treatment they received from the students at Israel Augustine Middle School was unlike that encountered at any other school where they had taught. On cross-examination, Ms. Hypolite admitted that the students at Israel Augustine Middle School were rowdy and used profanity towards the teachers. Based on the evidence presented, the workers' compensation judge did not commit manifest error when he determined that the plaintiff proved that she sustained both physical and mental injuries as a result of the incident.
The OPSB also contends that the workers' compensation judge erroneously granted Payne penalties and attorney's fees. They argue that they had a reasonable basis to deny the plaintiff's claim.
La. R.S. 23:1201(B) provides that the first installment of compensation benefits for temporary total disability, permanent total disability, or death shall become due the fourteenth day after the employer has knowledge of the injury giving rise to disability. La. R.S. 23:1201(F) further provides that if an installment of benefits is not timely paid within the 14 day period, "there shall be added to such unpaid installment a penalty of ... twelve percent thereof ... unless such nonpayment results from conditions over which the employer or insurer had no control," or unless "the employee's right to such benefits has been reasonably controverted by the *130 employer."[1] Both penalties and attorney's fees are recoverable under La. R.S. 23:1201(F) if the employer or insurer fails to commence payments of compensation benefits timely or to pay continued installments timely (or to pay medical benefits timely) unless the claim is reasonably controverted. Williams v. Rush Masonry, Inc., 98-2271, pp. 4-5 (La.6/29/99), 737 So.2d 41, 44.
A claimant's right to benefits will be deemed "reasonably controverted" if the factual and medical information of the employer reasonably counters that of the claimant. Woods v. Ryan Chevrolet, Inc., 30,206, p. 9 (La.App. 2 Cir. 2/25/98), 709 So.2d 251, 257. If the factual issue is substantial, penalties should be denied; employers, however, must demonstrate that reasonable efforts were made to medically ascertain the worker's exact condition before denying benefits. Lemoine v. Hessmer Nursing Home, 94-836, p. 20 (La.App. 3 Cir. 3/1/95), 651 So.2d 444, 456. Where a defendant fails to assemble and assess factual and medical information about a claimant's physical condition before denying a claim, he runs the risk of subjecting himself to statutory penalties. Connor v. Jones Bros. Enterprises, 606 So.2d 996, 1004 (La.App. 4 Cir.1992).
A workers' compensation judge's determination as to penalties and attorney's fees is ultimately one of fact and the judge's finding should not be disturbed on appeal absent manifest error or unless clearly wrong. Bergeron v. Watkins, 98-0717, p. 4 (La.App. 1 Cir. 3/2/99), 731 So.2d 399, 402; Kennedy v. Johnny F. Smith Trucking, 94-0618, p. 8 (La.App. 1 Cir. 3/3/95), 652 So.2d 526, 531; Antrainer v. Great Atlantic & Pacific Tea Co., 97-1554, p. 6 (La.App. 1 Cir. 4/8/98), 712 So.2d 590, 594.
In the present case, the OPSB has not produced any evidence to reasonably controvert Payne's claim for workers' compensation benefits and/or medical benefits. No evidence exists that the OPSB sent the plaintiff for an independent medical examination as to either her physical or mental injuries. The OPSB has not produced any documentation indicating that an investigation of the incident occurred. The only documentation in the record relating to the denial of the plaintiff's claims is correspondence from the OPSB to Payne's counsel indicating that the claim was denied. As such, we find no manifest error in the workers' compensation judge's award of penalties and attorney's fees.
Payne also answered the appeal seeking additional attorney's fees for responding to the appeal filed by the defendant. However, the plaintiff has not filed an appellate brief in this matter and thus has not briefed the issue. Therefore, this issue will be considered as abandoned. Delacroix Corp. v. Dean, 04-0899, p. 4 n. 5 (La.App. 4 Cir. 4/13/05), 901 So.2d 1188, 1192; Drury v. Kitchen, 94-1579 (La.App. 4 Cir. 11/17/94), 645 So.2d 1290. See Rules 2-12.4 and 2-12.6, Uniform Rules, Courts of Appeal.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] La. R.S. 23:1201(F) has subsequently been amended. The quoted language is that which was in effect at the time Payne's cause of action arose.