*695 GRAVOIS, J.,
dissents with reasons.
LFor the following reasons, I respectfully dissent from the majority opinion herein.

Claimant’s Arguments

There is no dispute that claimant, Mike Flach, received an injury while in the course and scope of his employment with Diebold, Inc. (“Diebold”). On appeal, claimant argues that: (1) the payments he received when he was absent from work for medical treatment for his work-related injury from 2003 through 2006, which were designated as “industrial injury pay” by his employer, were wages in lieu of compensation, and as such, prescription was suspended until March 3, 2006, the last pay period he received payment of wages in lieu of compensation; and (2) these payments lulled him into a false sense of security which caused him to withhold filing suit, and accordingly, Diebold cannot invoke prescription to defeat its duty to pay him workers’ compensation benefits.

Payment of Wages in Lieu of Compensation

Prescription is interrupted when the payment of wages is made in lieu of compensation and the claim is filed within one year of the final wage payment. Payne v. Orleans Parish School Boards 00-0682 (La.App. 4 Cir. 3/2/06), 929 So.2d 121, writ denied, 2006-0718 (La.5/26/06), 930 So.2d 34. It is well settled in Louisiana that the test to determine whether wages were paid in lieu of ^compensation is whether the wages paid after the injury were actually earned by the employee. Peck v. Orleans Levee Board, 353 So.2d 424, 426 (La.App. 4th Cir.1977); writ denied, 355 So.2d 259 (La.1978). When an injured employee is paid following an accident and the employee does not actually earn all of his pay, these wages are deemed paid in lieu of compensation. Cheatham v. Morrison, Inc., 469 So.2d 1219, 1220 (La.App. 1 Cir.1985).
It is undisputed that claimant suffered a work-related injury while in the course and scope of his employment, that claimant was paid unearned wages by his employer for absences to attend doctors’ visits and receive medical treatment for his injury, and that these absences were for treatment of his initial injury. Claimant explained that the check stubs for payment for these absences were coded “industrial injury” pay. Thus, claimant has shown that he received payments from his employer which in my opinion could reasonably be construed as being compensation benefits or payments in lieu of compensation.
The evidence indicates that claimant last received payment in lieu of compensation for the pay period ending March 3, 2006. His disputed claim for compensation was filed on June 26, 2006, clearly within one year of the date claimant was last paid wages in lieu of compensation. Thus, in my opinion, the workers’ compensation judge erred in finding that claimant’s workers’ compensation claim had prescribed.

Lulled into a False Sense of Security

Claimant further argues that prescription was interrupted in this case because the payment by his employer for the days when he missed work for doctors’ appointments and medical treatment for his injury lulled him into a false sense of security resulting in his delay in filing suit. Claimant argues that he had no reason to file suit, as his medical expenses were being paid and he did not experience any [ ¡¡wage loss. In order for prescription to be interrupted in this manner, it is not necessary to demonstrate that the employer intentionally misled the claimant as to the nature of the benefits being paid or the time period available for asserting a claim. *696 Millican v. General Motors Corp., 34,207 (La.App. 2 Cir. 11/1/00), 771 So.2d 234, 235.
At the hearing in this matter, claimant testified that his doctor visits were set up by “workers’ compensation”, and that he was paid for all of these days that he did not work due to attending doctors’ visits and receiving medical treatment for his work-related injury. He testified that after he underwent the first surgery, he continued to have pain, so further visits were set up by “workers’ comp” and he was not in control of when the appointments were set up. Claimant testified that there were days when he worked part of the day and was paid for a full day and other days when he did not work at all and he was paid a full day. He explained that he did not choose how to be paid for these absences. He further testified that he was told by his employer that “workers’ comp refused to pay” him. In dicta, the workers’ compensation judge stated that there was no evidence presented to show that claimant “was explained the difference between workers’ comp, benefits and the Salary Continuation Plan, and that he chose to proceed under” the Salary Continuation Plan. She further stated that “[T]he evidence also shows that the employer’s HR department was not very clear with him as to his options.” For all of these reasons, in my opinion, claimant was lulled into a false sense of security resulting in his delay in filing suit.

Conclusion

The time limits for institution of a claim for benefits have been liberally construed. Scott v. Walmart Stores, Inc., 03-0104 (La.App. 4 Cir. 7/2/03), 851 So.2d 1210, 1213-14 (citations omitted). Prescription statutes, including La. R.S. |423:1209(A), are interpreted in favor of upholding rather than barring actions. Id. The findings of a workers’ compensation judge are given great deference and will not be set aside by an appellate court absent a finding of manifest error or unless they are clearly wrong. Sperandeo v. Sydran Food Services, II, L.P., 01-675 (La.App. 5 Cir. 12/12/01), 806 So.2d 724, 727. In this particular case, however, for the reasons set forth above, in my view, the workers’ compensation judge erred in finding that claimant’s workers’ compensation claim had prescribed. Accordingly, I would reverse the September 21, 2011 judgment of the trial court dismissing claimant’s claim for compensation and remand the matter to the trial court for further proceedings.