626 So.2d 390 (1993)
Rosalinda BRYANT
v.
GIANI INVESTMENT COMPANY.
No. 93-CA-0208.
Court of Appeal of Louisiana, Fourth Circuit.
October 14, 1993.
Rehearing Denied December 9, 1993.
*391 Joseph V. Dirosa, Jr., New Orleans, for plaintiff.
Denis Paul Juge and Kelann E. Larguier, Sutherland, Juge, Horack & Dwyer, New Orleans, for defendant.
Before LOBRANO, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
This is an appeal of a judgment of the Office of Worker's Compensation which denied worker's compensation benefits to appellant Rosalinda Bryant. As we find no error as to the law applied and no manifest error as to the facts found, we affirm.
Ms. Bryant worked as a cashier at a T-shirt and gift shop in the French Quarter in New Orleans. Mr. Mike Motwani, who evidently held some sort of supervisory position with regard to the shop, observed Ms. Bryant sell some merchandise to a customer without ringing up the amount of the sale, $18.00, on the cash register. Mr. Motwani concluded that Ms. Bryant was stealing the $18.00. He became furious, screamed at Ms. Bryant and called her a thief as well as obscene names. Ms. Bryant denied that she was stealing, argued that if she were stealing that she would have put the money in her purse, and challenged Mr. Motwani to call the police if he thought she was stealing. Some customers observed this scene which lasted about fifteen or twenty minutes. The police were not called and Ms. Bryant was never arrested. There are no allegations that Mr. Motwani physically assaulted Ms. Bryant or threatened her in any way or that Ms. Bryant felt physically threatened. At the end of the argument, it was closing time and Ms. Bryant left the shop and did not return thereafter as it was tacitly understood she was fired.
A few days later, Ms. Bryant saw a lawyer about the incident. Several months later, she consulted a psychiatrist, Dr. Ashad, who saw her a number of times, prescribed medications for her and referred her to a social worker, a Mr. Sedlander, for therapy. Ms. Bryant applied for, and received unemployment benefits.
Ms. Bryant alleges that, as a result of the argument at the shop, she suffers post-traumatic stress disorder. She does not allege any physical, i.e. non-mental illness or injury as either causing, or being caused by, her alleged mental illness or injury. Thus, this case only involves an alleged mental illness or injury caused by alleged work-related stress, i.e. a so-called "mental/mental" case as opposed to a "physical/mental" case in which the alleged mental illness or injury is caused by a work-related physical injury or a "mental/physical" case in which work-related stress causes physical injury or illness.
Our Supreme Court allowed recovery of worker's compensation benefits for mental/mental injuries in the companion cases of Sparks v. Tulane Medical Center Hospital and Clinic, 546 So.2d 138 (La.1989), and Williams v. Regional Transit Authority, 546 So.2d 150 (La.1989). See also Taquino v. Sears Roebuck and Co; 438 So.2d 625 (La. App. 4th Cir.), writ denied, 443 So.2d 597 (1983) (allowing worker's compensation benefits in mental/mental case); Jones v. City of New Orleans, 514 So.2d 611 (La.App. 4th Cir.), writ denied, 515 So.2d 1111 (1987).
After the Sparks and Williams decisions, the legislature quickly amended the Worker's Compensation statute to require in mental/mental cases that "the mental injury was the result of a sudden, unexpected, and extraordinary stress related to the employment and is demonstrated by clear and convincing evidence". R.S. 23:1021(7)(b) (enacted by Acts 1989, No. 454). See comment, The 1989 Amendments To Louisiana Worker's Compensation Act: The Legislature's Attempt To Reinstateor RetipThe Careful Balance Of Interests Upset By Judicial Interpretation, 36 Loy.L.Rev. 158 (1990). Note, Mental/Mental Claims Under The Louisiana Worker's Compensation Act After Sparks v. Tulane Medical Center Hospital and Clinic: A Legislative Death Knell? 50 La.L.Rev. 609 (1990).
*392 In the same Act, the Legislature amended the Worker's Compensation statute to require in physical/mental cases that "the mental injury or illness is diagnosed by a licensed psychiatrist or psychologist and the diagnosis of the condition meets the criteria as established in the most current issue of the Diagnostic and Statistical Manual of Mental Disorders presented by the American Psychiatric Association." R.S. 23:1021(7)(d). These special diagnostic requirements were not applied to mental/mental cases in the 1989 legislation, see note, Mental/Mental Claims, supra, at 632-33, but the Legislature did extend them to mental/mental claims in 1991. See Acts 1991, No. 468.[1]
The 1989 Amendments to the Worker's Compensation statute clearly reflect an intent by the Legislature to stringently condition the award of worker's compensation benefits for mental injury or illness. Comment, the 1989 Amendments, supra; note, mental/mental claims, supra. Administration of the worker's compensation system requires consideration of the competing aims of, on the one hand, protecting the state's employers and their insurers (and ultimately the state's economy) from the expense of paying for non-meritorious claims, and, on the other hand, seeing that deserving claimants receive the provided for benefits. With regard to mental illness or injury, the Legislature has chosen to give priority to the aim of protecting against non-meritorious claims. It is the nebulous nature of mental illness or injury (as compared to the physical illness or injury) and the consequently heightened risk of feigned injury or illness, that caused the legislature to impose a more stringent burden of proof, and specific diagnostic requirements, upon claimants with alleged mental injury or illness. See Comment, The 1989 Amendments, supra; Note, mental/mental claims, supra.
It is with these thoughts as to the 1989 amendments in mind that we consider the issue presented by this appeal. Did the argument between Ms. Bryant and Mr. Motwani in the shop constitute an "extraordinary stress" as required by R.S. 23:1021(7)(b) in a mental/mental case? This appears to be a mixed question of law and fact.
The judge below, after hearing the argument described in live testimony by Ms. Bryant, Mr. Motwani and a bystander eyewitness, a Mr. Magee, concluded "There is no evidence before me of an extraordinary stress." To the extent that this is a factual issue, we hold that the finding of the judge below is certainly not manifestly erroneous. See Rosell v. Esco, 549 So.2d 840, 844-45 (La.1989) (explaining manifest error standard of review and collecting authorities). There was some inconsistent and even contradictory testimony about exactly how long the argument lasted, how many customers saw it, and whether it took place entirely within the shop or spilled over into the street outside. The judge below, as the finder of fact hearing all the witnesses live, was entitled to resolve these factual issues. We note that under the "clear and convincing evidence" requirement of 23:1021(7)(b), Ms. Bryant was required to prove her claim by more than the usual civil case "preponderance of the evidence" standard although she was not required to meet the "beyond a reasonable doubt" standard of a criminal prosecution. See LSBA v. Edwins, 329 So.2d 437, 442 (La.1976); Succession of Dorand, 596 So.2d 411, 412 (La.App. 4th Cir.), writ denied, 600 So.2d 661 (La.1992). See also Creed v. Avondale Industries, Inc., 608 So.2d 226, 229 (La. App. 5th Cir.1992) (noting change of standard of proof from preponderance of evidence to clear and convincing evidence with enactment of R.S. 23:1021(7)(b)).
Moreover, to the extent that the issue of whether the argument in the shop was an "extraordinary stress" is an issue of law, we believe that the judge below was correct. Mr. Motwani's fault, if any, is not determinative as to whether the argument was an "extraordinary stress" for it is fundamental that Louisiana Worker's Compensation is a "no fault" system 13 W.S. Malone and A. H. Johnson, III, Louisiana Civil Law Treatise: Worker's Compensation Law and *393 Practice § 1 (1980). Nor, assuming that the argument did cause Ms. Bryant mental injury or illness, is such injury and causation determinative of whether the argument at the shop was an "extraordinary stress." By providing that a work related mental/mental injury will not be covered by worker's compensation "unless" it results from an "extraordinary stress", R.S. 23:1021(7)(b), the Legislature clearly contemplated that there would be instances of work-related mental/mental injuries not caused by an "extraordinary-stress" and, consequently, not covered by worker's compensation. Comment, The 1989 Amendments, supra at 174; note, mental/mental claims, supra at 629.
This latter point suggests that the "extraordinary" nature of the stress at issue should be determined, not from the point of view of whether the particular claimant found the stress to be extraordinary, but whether an ordinary reasonable person of usual sensibilities would find the stress extraordinary. Otherwise, every stress that actually caused the injury would be considered "extraordinary" because no one, from their own personal perspective, would consider to be "ordinary" a stress that caused them mental injury or illness. Thus, to determine whether a stress is "extraordinary" by using the perspective of the particular claimant who suffered a mental/mental injury as a result of the stress at issue would be wholly inconsistent with the statutory scheme which contemplates non-covered mental/mental injury caused by work-related stress which is not "extraordinary".[2]
As to the highly subjective question of what is an "extraordinary stress", we need proceed no further than the above-discussed points in order to decide the present case. We are convinced that it is not the legislative intent that an argument such as that in the present case would qualify as an "extraordinary stress." Of course, it is not acceptable for an employer or supervisor to shout obscene names at an employee. Unfortunately, with the everyday frictions of the workplace, and often stressful job responsibilities, it is not altogether rare for there to be intemperate outbursts on the job. The argument in the present case as unfortunate and unpleasant as it was, is not such a wholly unusual episode that can fairly be described as "extraordinary". Cf. White v. Monsanto Co., 585 So.2d 1205 (La.1991) (Obscene and unjustified tirade at employee by enraged supervisor not actionable as intentional infliction of emotional distress). Despite the accusation of theft, Ms. Bryant was not even threatened with arrest, much less arrested, as was the claimant in Williams v. RTA, supra. There were no threats of violence against Ms. Bryant and she was not in fear for her physical safety as was the claimant in Sparks v. Tulane Medical Center, supra. It is a subject of some debate as to whether even the facts in the Sparks case, which included threats of violence would qualify as an "extraordinary stress." Compare 13 W.S. Malone & H.A. Johnson, Louisiana Civil Law Treatise: Worker's Compensation Law Practice § 235 at 95 (Supp.1992) ("whether [factual situation in Sparks] was `extraordinary' might be debated, but it should not be difficult to conclude that it was") with Note, mental/mental claims, supra at 631, (If Sparks -type factual situation is found to be "extraordinary stress" then "Section 1021(7)(b) may be empty rhetoric") with Creed, 608 So.2d at 229 (dicta suggesting that R.S. 23:1021(7)(b) and the Sparks holding "are essentially the same except for the burden of proof element"). To conclude that the argument in the present case constituted an "extraordinary stress" would be inconsistent with the legislative intent of R.S. 23:1021(7)(b). Therefore, Ms. Bryant must fall back upon such other legal remedies as applicable law may allow her.
For the foregoing reasons the judgment of the Office of Worker's Compensation is Affirmed.
AFFIRMED.
NOTES
[1] We note that, although the argument at the shop occurred in March 1991, both parties assume that the diagnostic requirements of R.S. 23:1021(7)(d) apply to this mental/mental case. Bryant called a psychiatrist to testify at trial, as did the appellee, and both psychiatrists relied upon the latest issue of the DSMM. In any case, whether or not the statutory diagnostic requirement applies is not determinative as to this appeal.
[2] Of course, the requirements of R.S. 23:1021(7)(b) do not affect the question of whether there was an "accident," which question is governed by R.S. 23:1021(1) and, at least prior to the 1989 amendment to R.S. 23:1021(1), was determined from the point of view of the particular claimant. Sparks, 546 So.2d at 142; Williams, 546 So.2d at 156. Thus, an analysis in the present opinion has no bearing on the issue of whether there has been an "accident."