670 So.2d 307 (1996)
Billy R. HENRY, Sr., Plaintiff-Appellee,
v.
GULF COAST CASUALTY INSURANCE COMPANY, Defendant-Appellant.
No. 95-241.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1996.
Thomas E. Townsley, Lake Charles, for Billy R. Henry Sr.
Lelia Anne Collier, Carl William Robicheaux, Lafayette, for Gulf Coast Casualty Insurance Co.
*308 Before COOKS, WOODARD and AMY, JJ.
COOKS, Judge.
This appeal arises from a hearing officer's grant of worker's compensation benefits to plaintiff, Billy Henry, Sr., for a mental injury caused by mental stress. For the reasons assigned below, we affirm.

FACTS
Billy Henry was named president of Gulf Coast Casualty Insurance Company in March of 1990. When he took over as president, he discovered the company was severely undercapitalized. In August of 1992, Hurricane Andrew struck south Louisiana, damaging a great number of mobile homes insured by Gulf Coast in the New Iberia/Morgan City area. Following the hurricane, Henry and some of his staff set up a mobile claims office in the area to handle the great number of claims filed. Prior to the hurricane, Gulf Coast handled approximately 30 to 40 claims per month. Immediately after Hurricane Andrew, Gulf Coast received 35 to 45 claims per day. Henry worked between 15 to 18 hours per day, reviewing each claim himself.
While speaking on the telephone with an irate client on September 8, 1992, Henry felt ill, the left side of his face and mouth went numb, and he laid down to rest. Later, he attempted to work but was unable to concentrate, and grew confused. The next day Henry's son brought him home to Lake Charles. Henry's wife, one of his sons, and other witnesses noticed changes in Henry's behavior. He appeared tired, distracted and unable to concentrate, remember or make decisions; he slept poorly, had difficulty speaking certain words, and slurred when speaking. His condition deteriorated as Gulf Coast went into liquidation.
Henry was seen by two neurologists, Drs. Steven Goldstein and John Meyer, both of whom diagnosed him as suffering from anxiety and depression and prescribed anti-depressants and anxiolytics.
Henry filed a disputed claim for compensation seeking worker's compensation benefits, medical expenses and rehabilitation. After hearings, a judgment was rendered on November 22, 1994. The hearing officer found Henry's depression constituted a mental injury caused by mental stress and awarded him temporary total disability benefits and medical benefits for his depression. The hearing officer also determined Gulf Coast's handling of the claim was not arbitrary and capricious. No penalties and attorney fees were awarded. Gulf Coast has appealed alleging the hearing officer erred in finding Henry met his burden of proving a "mental/mental" injury. Henry has answered the appeal, asking that we amend the judgment to award him attorney fees for legal services provided in connection with this appeal.

ANALYSIS
The standard of review applicable to a worker's compensation case decided by a hearing officer is the same as the standard applied to a district court decision, i.e., the factual findings of the hearing officer may not be set aside without first determining that those factual findings were manifestly erroneous or clearly wrong. Key v. Insurance Co. Of North America, 605 So.2d 675 (La.App. 2 Cir.1992). Great weight is given the hearing officer's factual conclusions, reasonable evaluations of credibility, and reasonable inferences of fact. Dixon v. Louisiana Restaurant Association, 561 So.2d 135 (La. App. 3 Cir.1990).
Based upon the testimony and evidence presented at trial, the hearing officer concluded Henry demonstrated by clear and convincing evidence that his depression was caused by work-related stress.
La.R.S. 23:1021(7)(b) was enacted by the Louisiana Legislature as part of a package of revisions to the Workers' Compensation laws (Acts 1989, No. 454, effective January 1, 1990) and partly in response to the Louisiana Supreme Court decisions of Sparks v. Tulane Medical Center Hospital and Clinic, 546 So.2d 138 (La.1989) and Williams v. Regional Transit Authority, 546 So.2d 150 (La.1989), which allowed recovery of workers' compensation benefits for jobrelated *309 mental injuries.[1] The "clear and convincing evidence" standard required by La. R.S. 23:1021(7)(b) is a heavier burden of proof than the usual civil case "preponderance of the evidence" standard, but is less burdensome than the "beyond a reasonable doubt" standard of a criminal prosecution. Bryant v. Giani Investment Co., 626 So.2d 390 (La.App. 4 Cir.1993). To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable, that is, much more probable than its nonexistence. Hines v. Williams, 567 So.2d 1139 (La.App. 2 Cir.), writ denied, 571 So.2d 653 (La.1990).
Gulf Coast contends Henry's job stress was not "sudden, unexpected and extraordinary" as required by La.R.S. 23:1021(7)(b). Employees of insurance companies, Gulf Coast argues, should be prepared for such natural disasters because hurricanes frequently strike southern Louisiana. While insurers and employees should be prepared for hurricanes in this area, we are satisfied the record clearly and convincingly establishes the stress suffered by Henry nevertheless was "sudden, unexpected and extraordinary" in this particular case. He was forced to part from his wife and family for long periods and work 15 to 18 hour days. Henry's normal work routine was suddenly and substantially altered immediately following the hurricane. Henry constantly handled calls from irate insureds, some of who actually threatened to kill him. It was after just such a threatening call Henry initially felt ill.
Henry alleged the mental stress to which his depression was related was the long hours of work, the review of numerous claims, the handling of difficult clients, and the attempts to raise funds to "keep the company afloat," all of which he alleges flowed from the damage wrought by Hurricane Andrew.
The medical evidence and testimony revealed Henry was in good health prior to August of 1992, and the arrival of Hurricane Andrew. Dr. Steven Goldstein, a neurologist, found Henry was suffering from arteriosclerosis, which is a small vessel disease occurring in the brain caused by hypertension. Dr. Goldstein testified Henry's work stress could definitely accelerate such a condition. He further confirmed that Henry suffered multiple strokes, possibly in the hundreds. Dr. Willis, who was one of Henry's physicians and the only psychiatrist treating him, concluded Henry was suffering from major depression and the work stress he encountered after the hurricane played a major role in precipitating this condition. Both Dr. Goldstein and Dr. Willis felt Henry was unable to return to work.
The hearing officer found that Dr. Harper Willis' testimony indicated Henry's depression was caused by, and occurred after, the severe stress Henry encountered while working on the job following Hurricane Andrew. The medical testimony supports this finding.
However, Henry's evidentiary burden also required him to establish the stress, found work-related by the hearing officer, was "sudden, unexpected, and extraordinary." The determination of what constitutes "extraordinary stress" is a mixed question of law and fact, and this court has noted such a determination is one which "must be made on a case by case basis." Lewis v. Beauregard Memorial Hosp., 94-318, p. 11 (La.App. 3 Cir. 11/2/94); 649 So.2d 655, 661. Moreover, whether the claimed stress is "sudden" or "unexpected" necessarily involves a mixed question of law and fact. This court recently declined to apply the objective "reasonable person" test to a mental/mental injury stress case in gauging the stress suffered by a claimant, stating rather "the analysis must focus [subjectively] on the effect a particular stress might have on the particular employee." Lewis, 94-318, p. 11; 649 So.2d at 661 (emphasis added).
*310 In Johnson v. Petron, Inc., 617 So.2d 1358 (La.App. 3 Cir.1993) we examined the word "extraordinary" as it pertained to an employee's burden of proof in a compensation case. The term, we concluded, required that the employee "prove merely that his physical work stress went beyond what was usual, regular or customary in relation to the average employee in that occupation." We find that the mental stress encountered by Henry went beyond that which is "usual, regular or customary." Henry's work hours, long separation from his wife and family, and the threats made against him were just too much for him to withstand without mental consequences. Although hurricanes are not extraordinary occurrences in this part of the country, the events which followed Hurricane Andrew in Henry's work world were not "regular, usual, or customary." In so finding, we are mindful that agents and employees in the insurance industry must anticipate and endure greater demands on the job when natural disasters occur. But the demands placed on Henry, as revealed by the particular facts of this case, were so substantial and out of the ordinary, we are satisfied the hearing officer did not err factually or legally in finding the associated stress he endured was extraordinary. Already burdened with the "ordinary" stress related to a business on the brink of bankruptcy; we are satisfied, as well, Henry established the added stress he was forced to endure after the storm was sudden and to him at least unexpected.
Henry has answered the appeal and asks for attorney fees for the defendant's alleged arbitrary and capricious behavior in challenging the hearing officer's findings. It is well settled that an employer should not be penalized for bringing close factual or legal issues to court. Lindon v. Terminix Services, Inc., 617 So.2d 1251 (La.App. 3 Cir.), writ denied, 624 So.2d 1226 (La.1993). We find the employer was warranted in pursuing this claim and deny Henry's request for attorney fees.

DECREE
For the foregoing reasons, the judgment of the lower court is affirmed. All costs of this appeal are assessed against defendant-appellant, Gulf Coast Casualty Insurance Company.
AFFIRMED.
AMY, J., dissents.
NOTES
[1] La.R.S. 23:1021(7)(b) provides as follows: Mental injury caused by mental stress. Mental injury or illness resulting from work-related stress shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter, unless the mental injury was the result of a sudden, unexpected, and extraordinary stress related to the employment and is demonstrated by clear and convincing evidence.