725 So.2d 556 (1998)
Linda FAVORITE
v.
LOUISIANA HEALTH CARE AUTHORITY.
No. 98-CA-721
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1998.
*557 Linda Favorite, Gretna, Louisiana, Appellant In Proper Person.
Rodney A. Ramsey, New Orleans, Louisiana, Attorney for Appellee Louisiana Health Care Authority.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and SUSAN M. CHEHARDY.
CANNELLA, Judge.
Plaintiff, Linda Favorite, appeals from a judgment in a workers' compensation case in favor of defendant, Louisiana Health Care Authority. We affirm.
Plaintiff was employed as a custodian with defendant since 1980. On January 8, 1996, she filed a disputed claim for workers' compensation benefits alleging that, on December 29, 1994, she was injured when one of her supervisors, Robert Russ (Russ), used abusive language in a screaming voice. It was alleged and shown at trial that Russ targeted plaintiff on a daily basis for verbal reprimands related to areas that she was not assigned to clean and because she was a woman. Plaintiff had anxiety attacks and crying episodes as a result of the pattern and practice of Russ's harassment and she filed a grievance against him for his conduct. On December 29, 1994, Russ allegedly reprimanded her for not cleaning an area that was assigned to someone else. When she attempted to defend herself, he told her to shut up and pointed a finger in her face. At this time, she experienced physical numbness and twitching in her face, a skin rash and she thought she was having a stroke. Plaintiff sought medical treatment after the incident, but continued to work. Evidence at the hearing showed that Russ was hostile toward all the women workers and was abusive to other employees, as well as plaintiff. As a result of Russ' continuing abusive conduct, plaintiff stopped working on January 4, 1995. She alleges that she is disabled due to the work stress. Plaintiff contends that she worked under these adverse conditions from 1993 through January 4, 1995.
Following the hearing on her claim for workers' compensation benefits, the trial judge rendered a judgment in defendant's favor, finding that plaintiff's mental injuries are not compensable under La.R.S. 23:1021(7)(b).
On appeal, plaintiff, in proper person, asserts that she is entitled to benefits because Russ's acts of hostility against her are prohibited by La.R.S. 51:2231 and 51:2264.
La.R.S. 51:2231 prohibits discrimination against anyone on account of race, creed, color, religion, sex, age, disability or national origin in connection with employment and in connection with public accommodations. La. R.S. 51:2264 provides a cause of action in district court to enjoin further violations and to recover damages for violation of R.S.51:2231 et seq. These two statutes are not applicable to the issue of whether plaintiff is entitled to workers' compensation benefits. Workers' compensation is specifically regulated by La.R.S. 23:1021 et seq.
La.R.S. 23:1021(7)(a) states:
"Injury" and "personal injuries" include only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, however caused or contracted.
La.R.S. 23:1021(7)(b) applies to claims for mental injury while in the course and scope of employment. It states:

*558 (b) Mental injury caused by mental stress. Mental injury or illness resulting from work-related stress shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter, unless the mental injury was the result of a sudden, unexpected, and extraordinary stress related to the employment and is demonstrated by clear and convincing evidence. [Emphasis Added]
Plaintiff has the burden of proving, "by clear and convincing evidence", that her mental disorder is the result of "a sudden, unexpected, and extraordinary stress related to the employment...." Id.; Cressionnie v. Fisk Elec., 93-931 (La.App. 5th Cir. 2/14/96), 671 So.2d 3, 5; Jeansonne v. Wick Publishing Co., 94-CA-462 (La.App. 5th Cir. 11/29/94), 646 So.2d 1212, 1214, writ denied 94-C-2963 (La.2/3/95), 649 So.2d 405. A mere showing that a mental injury is related to the general conditions of employment, or to incidents occurring over an extended period of time, is not enough to entitle the claimant to compensation. Sparks v. Tulane Medical Center Hospital and Clinic, 546 So.2d 138, 147 (La.1989). The mental injury must be precipitated by an accident, i.e., an unexpected and unforeseen event that occurs suddenly or violently. Id. at 147.
In Jeansonne, plaintiff alleged a mental injury from mental stress resulting from being yelled-at by her supervisor, from certain accusations and from being unintentionally struck by a chair thrown by her supervisor. Plaintiff was denied benefits because the stress was not extraordinary within the meaning of the statute and because plaintiff failed to prove a physical injury. In our analysis, we concluded that the extraordinary nature of the stress must be determined by whether an ordinarily reasonable person of usual sensibilities would find the stress extraordinary, not from the point of view of the claimant, citing Bryant v. Giani Inv. Co., 626 So.2d 390, 392-3 (La.App. 4th Cir.1993), writ denied, 94-0089 (La.3/18/94), 634 So.2d 852.
In this case, the trial judge found that plaintiff was subjected to the rude and crude method of management and that John Quinn, the Director of Support Services, condoned Russ' behavior. The trial judge found that Russ used profanity against other women employees, that he was prone to lying and that Russ stated that there were "too many women supervisors." In addition, a fellow employee, Angela Celius, testified that plaintiff would break out in welts when Russ came near her. The trial judge found that there were an established pattern and practice of verbal abuse and profane language used by Russ. However, although Russ' behavior was appalling, insensitive and wrong, it was not sudden and unexpected and did not constitute extraordinary work stress as required by the statute. We agree that Russ' behavior is reprehensible, but find no manifest error in the trial judge's conclusion. Plaintiff failed to show by "clear and convincing evidence" that the injury was caused by a sudden, unexpected and extraordinary stress, as required by the statute. Plaintiff has merely shown a mental injury that may be related to the general conditions of her employment, or to incidents occurring over an extended period of time, which is not sufficient to entitle her to workers' compensation benefits under the appropriate statute. Plaintiff's remedy may fall under the civil rights statute, cited in her brief, but the workers' compensation law does not provide relief for this claim.
Accordingly, the judgment of the trial judge is hereby affirmed. Costs of appeal are assessed against plaintiff.
AFFIRMED.