745 So.2d 682 (1999)
Rudy Joseph AUCOIN
v.
The DOW CHEMICAL COMPANY.
No. 98 CA 1912.
Court of Appeal of Louisiana, First Circuit.
September 24, 1999.
Rehearing Denied November 17, 1999.
Writ Denied February 18, 2000.
Max LaBranche, Baton Rouge, Counsel for Plaintiff/Appellee, Rudy J. Aucoin.
*683 Gregory E. Bodin, John Stewart Tharp, Baton Rouge, Counsel for Defendant/Appellant, The Dow Chemical Company.
Karen E. Dugas, Plaquemine, Counsel for Defendant/Appellant, The Dow Chemical Company.
Before: CARTER, C.J., LeBLANC and PETTIGREW, JJ.
LeBLANC, J.
Defendant, The Dow Chemical Company (Dow), appeals from a judgment finding the plaintiff, Rudy Joseph Aucoin (Aucoin), temporarily, totally disabled due to the aggravation of a pre-existing physical/mental injury connected with his employment. For the following reasons, we reverse the trial court judgment.

FACTS
In October 1994, Aucoin was an operations specialist for Dow, working in the Poly A plant, when a "decomp" (a loud, controlled pressure release) caused him to black out. A second incident, also alleged to be a decomp, occurred on March 19, 1995, and Aucoin was hit by flying debris. After these incidents, Aucoin began experiencing anxiety, confusion, flashbacks and nightmares. Aucoin was seen by his personal physician and ultimately by Dr. Ghada Al-Asadi, a board certified psychiatrist. Aucoin was diagnosed with post-traumatic stress disorder (PTSD) and received prescription drugs and therapy to cope with his condition. He also received additional training that allowed him to work in a less stressful area at Dow.
On Wednesday, March 5, 1997, Aucoin was found sleeping on the job, a violation of Dow's policy. Aucoin was disciplined (his most recent pay increase was canceled) and the incident was noted in his permanent personnel file. This reprimand caused Aucoin's PTSD to relapse and Aucoin was subsequently hospitalized. While hospitalized, Aucoin made verbal threats toward his supervisor, which were communicated to Dow. Dow discharged Aucoin on April 28, 1997, for violating Dow's violence in the workplace policy, specifically its prohibition of threats of violence.
In August 1997, Aucoin filed a claim with the Office of Workers' Compensation, seeking benefits from the March 19, 1995 incident. The workers' compensation judge stated, in her oral reasons, "this is a case of the aggravation of a pre-existing condition", not a "mental injury as described in the act." Although the workers' compensation judge noted contrary jurisprudence, she held Aucoin's burden was "the tort burden in that you would take your victim as they are". Considering Aucoin's mental condition, and finding the reprimand an "extraordinary and unusual stress for him", the workers' compensation judge found this stress aggravated his preexisting condition and awarded Aucoin weekly disability benefits with legal interest from the date each installment was due. Dow appeals.

LAW AND DISCUSSION
Recovery of workers' compensation benefits is allowed for mental injuries or illnesses. See La. R.S. 23:1021(7). The mental injury or illness may be caused by mental stress, as the result of a sudden, unexpected, and extraordinary stress related to the employment and demonstrated by clear and convincing evidence. La. R.S. 23:1021(7)(b). Whether the stress was "sudden, unexpected and extraordinary" is determined from the point of view of whether an ordinary reasonable person of usual sensibilities would find the stress extraordinary, not whether the particular claimant found the stress to be extraordinary. Bass v. Farmer & Cheatham, 94-1281, p. 5 (La.App. 1 Cir. 6/30/95), 658 So.2d 324, 327, writ denied, 95-2289 (La.12/8/95), 664 So.2d 423. See Edwards v. Fischbach & Moore, Inc., 31,371 (La. App. 2 Cir. 12/9/98), 722 So.2d 344; Renter v. Willis-Knighton Medical Center, 28,589 (La.App. 2 Cir. 8/23/96), 679 So.2d 603; Jeansonne v. Wick Publishing Company, 94-462 (La.App. 5 Cir. 11/29/94), 646 So.2d 1212, writ denied, 94-2963 (La.2/3/95), 649 So.2d 405; Bryant v. Giani Investment *684 Company, 626 So.2d 390 (La.App. 4 Cir. 1993), writ denied, 94-0089 (La.3/18/94), 634 So.2d 852; but see Autin v. Hessmer Nursing Home, 93-1492 (La.App. 3 Cir. 6/1/94), 638 So.2d 693, writs denied, 94-1632, 94-2212 (La.10/7/94), 644 So.2d 634; Frederick v. Town or Arnaudville, 572 So.2d 316 (La.App. 3 Cir.1990), writ denied, 575 So.2d 373 (1991).
The workers' compensation judge found this was a case of the aggravation of a pre-existing condition, not a mental injury case. She determined the stress of the reprimand, from Aucoin's point of view, aggravated his pre-existing condition. By applying a particularized point of view when evaluating Aucoin's stress, rather than the objective, ordinary reasonable person of usual sensibilities standard, the workers' compensation judge erred as a matter of law. Even if this matter is one of the aggravation of a pre-existing condition,[1] Aucoin must prove a work-injury aggravated his PTSD. The standard to utilize when considering the stress, the work-injury that aggravated Aucoin's preexisting mental condition and brought about his disability, is an objective, reasonable man standard.
Applying the correct standard, we find the nature of the stress claimed by Aucoin, the reprimand, is not so extraordinary as to aggravate his pre-existing condition. All employees are subject to workplace rules, the violation of which may produce unpleasant consequences. It is reasonable to presume violating established company policies may justify a stern reprimand and a permanent notation in one's personnel file. When such a violation of company policy occurs, it would be the rare instance when an employee would escape without a reprimand. Such reprimands do not qualify as a "sudden, unexpected, and extraordinary stress" as required by the workers' compensation act. All employees face the stress of reprimand if they violate company policy, and Aucoin's pre-existing PTSD condition does not elevate a reprimand to an extraordinary stress. Failing to prove by clear and convincing evidence a sudden, unexpected, and extraordinary stress that aggravated a pre-existing condition and resulted in mental injury or illness, Aucoin's award for disability benefits was error. Accordingly, we find the workers' compensation judge erred in awarding Aucoin disability benefits.

CONCLUSION
Finding the workers' compensation judge erred as a matter of law, we reverse the judgment of the workers' compensation judge awarding Rudy J. Aucoin disability benefits, plus interest, and dismiss plaintiffs claim, at his cost.
REVERSED.
NOTES
[1] Our supreme court has held pre-existing disease or infirmity of an employee does not disqualify a compensation claim if the work-injury aggravated, accelerated, or combined with the disease or infirmity to produce death or disability for which compensation is claimed. Walton v. Normandy Village Homes Association, Inc., 475 So.2d 320, 324 (La. 1985). A disabled employee must prove that before the work-injury he had not manifested disabling symptoms, but that commencing with the work-injury the disabling symptoms appeared and there is either medical or circumstantial evidence indicating a reasonable possibility of causal connection between the work-injury and the activation of the disabling condition. Walton v. Normandy Village Homes Association, Inc., 475 So.2d at 324-25.