I nMICHAEL G. SULLIVAN, Judge.
Nancy McGrath appeals the dismissal of her workers’ compensation suit on summary judgment. For the following reasons, we affirm.
Discussion of the Record
Mrs. McGrath had been employed as a registered nurse by the Office of Mental Health, Nursing Inpatient Services (OMH) since 1993. It is undisputed that throughout her employment, she worked only the night shift. At some time in her employment, she began to experience difficulty with a certain nursing supervisor, Glynn Bourque, as well as with other employees, over what she considered inappropriate workplace conduct. She, therefore, requested that she and Mr. Bourque be assigned to work different shifts.
On July 9, 1999, Mrs. McGrath was informed that she would be working rotating shifts in the future. This information greatly upset her, and she responded with a three-page memorandum to the director of nurses, Margaret Wiles, explaining why she believed her shift should not be changed. She also sought emergency counseling from Dr. Jimmie Cole, the psychologist who had been treating her for the harassment allegedly perpetrated by Mr. Bourque.
On July 22, 1999, Mrs. McGrath was informed that she would no longer be working nights exclusively. She reported feeling despondent and suicidal over this news to Dr. Cole, who believed that she should be removed from her job situation because of emotional stress. She did not report to work after July 22, 1999, and she was terminated on December 30, 1999, after she exhausted all of her accumulated sick leave.
On August 23, 1999, Mrs. McGrath filed a disputed claim for compensation alleging a mental injury brought on by the July 22, 1999 notification that her shift | ¡.would be changed. In her petition, she alleged that the difficulty with Mr. Bourque arose over her objections to other employees watching “X-rated” videos and sexually suggestive television programming at work. She alleged that, in retaliation for OMH prohibiting such conduct, Mr. Bourque refused to complete certain medical work on her patients, encouraged other employees to confront her about the situation, and gave her a negative employment rating. In her deposition, she maintained that she had been “guaranteed” the night shift as a condition of her employment, as that arrangement permitted her to care for her seriously-ill husband. Mrs. McGrath also filed a civil suit in federal court alleging sexual discrimination and a sexually hostile work environment.
*443 OMH filed a motion for summary judgment, arguing that Mrs. McGrath would not be able to prove that she suffered an “accident” at work or that her alleged mental disorder was the result of a “sudden, unexpected, and extraordinary” stress related to her employment. After a hearing, the workers’ compensation judge agreed and dismissed the claim.
Opinion
Under La.R.S. 23:1021(7)(b), a “mental/mental” injury is not compensable unless it is “the result of a sudden, unexpected, and extraordinary stress related to the employment and is demonstrated by clear and convincing evidence.” (Emphasis added.) The claimant must still prove that his injury, although mental, was precipitated by an “accident” as defined in La.R.S. 23:1021(1): that is, “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive | adegeneration.” See also Quillin v. Calcasieu Marine Nat. Bank, 96-685 (La.App. 3 Cir. 12/11/96); 690 So.2d 802. The claimant will not be able to recover if the evidence reveals that the mental injury was related to general conditions of employment or to incidents occurring over an extended period of time. Sparks v. Tulane Med. Center Hosp. & Clinic, 546 So.2d 138 (La.1989). Whether the nature of the stress is extraordinary should be determined from the point of view of a reasonable person with usual sensibilities. Partin v. Farmers & Merchants Bank, 00-1113 (La.App. 3 Cir. 5/9/01); 783 So.2d 652.
Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts in determining whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). La.Code Civ.P. art. 966 states in part that “summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.” A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.
In support of its motion for summary judgment, OMH introduced Mrs. McGrath’s job description, which states that her position requires shift work to ensure that the health unit will be fully staffed twenty-four hours a day, as well as the affidavit of the director of nurses, who stated that it was normal and customary for the unit’s employees, including nurses, to work rotating shifts. OMH also introduced excerpts from Mrs. McGrath’s deposition to establish that she first learned of the | ¿possibility of a shift change on July 9, 1999, well before her claimed accident date of July 22, 1999. In opposition, Mrs. McGrath relied upon a note written by the person who hired her indicating she would be working four nights a week. She also introduced her own testimony as to the devastating effect of the shift change, given the stress from her husband’s condition and from the harassment inflicted by Mr. Bourque and others over the video and television incident. After reviewing the exhibits and hearing argument from counsel, the workers’ compensation judge concluded that Mrs. McGrath would not be able to overcome the burden of proving an unexpected and sudden event.
*444 In Quillin, 690 So.2d 802, a bank employee responsible for the safety deposit boxes alleged a mental injury as the result of an incident in which the bank’s security of one box may have been compromised. On a Friday, the claimant discovered that another employee was in possession of a customer’s key in violation of bank procedure. By the following Wednesday, bank personnel decided to open the box without notifying the customer, against the claimant’s wishes. The claimant alleged that the stress of the “safety deposit box incident” caused the heart attack that she suffered the following Friday. This court found that the employee could not recover for a “mental/mental” injury, as this episode developed over several days and, therefore, was not “sudden.” Further, it was not an “unexpected” or “extraordinary” event because the claimant should have foreseen the possibility of a mishandled key in her position as auditor of the safety deposit boxes.
In Smith v. Mercy Hospital, 597 So.2d 114 (La.App. 4 Cir.1992), the claimant alleged that she sustained a mental injury when her employer revoked vacation leave that had already been granted and informed her that she would have to work the night | .¡shift even though she had been promised otherwise. The claimant contended that these two incidents left her “emotionally devastated” because they occurred shortly after what she perceived as harassing behavior from her supervisors. Id. at 116. The fourth circuit affirmed the dismissal of her claim, stating: “Smith’[s] general allegations that she was unable to work due to stress because she felt she was unfairly treated does not give rise to a compensable claim.” Id. at 118 (emphasis added). We also note that Smith did not apply the more stringent version of La. R.S. 1021, which sets forth the burden that Mrs. McGrath must meet.
We find both Quillin and Smith helpful in analyzing the present case. We cannot agree that the notification of a rotating shift on July 22, 1999 was “sudden” because, as in Quillin, the episode developed over several days. The record establishes that Mrs. McGrath knew of this impending change as early as July 9,1999, which gave her enough time to object through the three-page memorandum to Mrs. Wiles. Indeed, the event precipitating the change was Mrs. McGrath’s request not to work with Mr. Bourque. Even though Mrs. McGrath believed that she was hired to work only at night, it should not have been unforeseeable that her schedule would at some time change, given that she worked in a twenty-four hour unit and that she requested not to work with certain personnel. As was the vacation and schedule change in Smith, Mrs. McGrath’s complaint here is related to the general conditions of her employment and is, therefore, not compensable.
We also note that, although Mrs. McGrath may have been subjected to immature and unprofessional conduct from fellow employees, more severe actions in other cases have not resulted in compensa-ble claims. For example, in Favorite v. Louisiana Health Care Auth., 98-721 (La.App. 5 Cir. 12/16/98); 725 So.2d 556, a supervisor was so abusive to a female custodial worker that she would break out in welts when he approached. The claimant argued that she was entitled to workers’ compensation benefits because the supervisor’s actions violated Louisiana’s anti-discrimination statutes at La.R.S. 51:2231 et seq. The appellate court disagreed, stating that “[plaintiff’s remedy may fall under the civil rights statute, ... but the workers’ compensation law does not provide relief for this claim.” Favorite, 725 So.2d at 558. In the present case, Mrs. McGrath also filed a suit for damages for civil rights violations; however, the out *445 come of this proceeding is governed exclusively by the Louisiana Workers’ Compensation Act. On the record presented, we find no error in the determination that Mrs. McGrath will not be able to meet the stringent burdens of La.R.S. 23:1021(1) and 1021(7)(a).
Decree
For the above reasons, the judgment of the Office of Workers’ Compensation is affirmed. Costs of this appeal are assessed to Appellant, Nancy McGrath.
AFFIRMED.
THIBODEAUX, J., concurs in the result.