It SAUNDERS, Judge.
In this workers’ Compensation dispute, the former employee appeals a judgment denying benefits for mental injury allegedly caused by job-related stress. We affirm.
Facts
Mr. Loy Montgomery, Jr. had been employed by the State of Louisiana, Department of Transportation and Development (“DOTD”) since November of 1971. In June of 1998, he was employed in the capacity of Electrician Foreman Specialist. Mr. Montgomery’s employment required him to be on-call twenty-four hours a day, seven days a week. Mr. Montgomery and his work crew came under investigation by DOTD with respect to his job performance. The investigation focused on the use of DOTD property for personal use, leaving the assigned work area during working hours for personal matters without taking leave, and for verbal abuse and harassment.
On June 25, 1998, Mr. Montgomery, was called to his supervisor’s (Wayne Mar-chand) office at approximately 11:00 a.m. He was asked to wait in the lobby area until about 5:30 that day. As Mr. Montgomery waited in the lobby, Mr. Thompson, the DOTD internal investigator, and Mr. Marchand conducted an investigation by questioning employees individually. At 5:30, Mr. Montgomery was called into Mr. Wayne Marehand’s office and a discussion was had regarding the investigation relating to Mr. Montgomery’s job performance. The discussion between Mr. Marchand and *179 Mr. Montgomery lasted five hours and ended with Mr. Montgomery being placed on paid leave. He was subsequently terminated in March of 1999.
This disputed claim for workers’ compensation was filed by Mr. Montgomery on March 30, 1999. Mr. Montgomery’s disputed claim includes the assertion of | ¿mental depression as a result of the June 25, 1998, meeting with Mr. Marchand. Due to his alleged mental depression, Mr. Montgomery consulted his general practitioner (Dr. Verma). On July 6, 1998, he reported to Dr. Verma that he was nervous and depressed. According to Dr. Verma, on August 17, 1998, Mr. Montgomery was having depression and hypertension which were aggravated by the June 25,1998, incident.
On July 2, 1998, and thereafter, Mr. Montgomery was seen by Dr. Ben Arnold, a counseling psychologist. He noted that Mr. Montgomery suffered an acutely stressful event approximately two years prior to the incident with DOTD. This event involved complaints that Mr. Montgomery was physically beaten by police in November of 1996. As a result of this incident, Mr. Montgomery has filed a personal injury suit claiming emotional distress for which he has received psychiatric treatment. In connection with his lawsuit, Mr. Montgomery gave a deposition after the DOTD incident claiming that he was suffering from mental stress and nervousness resulting from the November 1996 incident. In addition, Mr. Montgomery had to miss approximately one week of work due to the alleged police beating.
In his summary, Dr. Arnold stated that Mr. Montgomery has experienced an event at work that triggered a plethora of intense symptoms immediately following the event. Additionally, Dr. Arnold stated that Mr. Montgomery had stabilized from a previously acutely stressful event (the alleged police beating) and was completely recovered from that event, and the June 25, 1998, incident has resulted in the development of a post-traumatic stress disorder which has become chronic.
Mr. Montgomery was also seen by Dr. James W. Quillin, a clinical |3psychologist, on October 26, 1998. Dr. Quillin issued a report dated January 12, 1999, stating that the results of his examination of Mr. Montgomery evidenced an invalid profile that could not be interpreted. Dr. Quillin also reported that symptom studies of Mr. Montgomery reflected “... a gross impairment of attention, disengagement from the assessment process or an inability to maintain a consistent magnified response set.”
At trial, the court found that the June 25, 1998, incident was not an “accident” compensable under workers’ compensation because it did not amount to a sudden, unexpected and extraordinary stressful event. Additionally, because Dr. Arnold’s post-traumatic stress diagnosis does not meet the criteria for such diagnosis established in the Diagnostic and Statistical Manual of Mental Disorders and Dr. Quil-lin’s assessment leaves much to be desired regarding whether any accurate diagnosis has or can be made with respect to Mr. Montgomery’s mental injuries, the trial court found that Mr. Montgomery failed to prove mental injury. Therefore, the trial court denied Mr. Montgomery’s claims. From these findings, the plaintiff appeals.
PLAINTIFF URGES THE FOLLOWING ASSIGNMENTS OF ERROR:
1. The judgment of the trial court was clearly wrong and manifestly erroneous in determining that the incident occurring on June 25, 1998, did not meet the required definition of a sudden, unexpected and extraordinary stress.
2. The judgment of the trial court was clearly wrong and manifestly erroneous *180 ignoring uncontroverted medical evidence that Mr. Montgomery suffered from hypertension as a result of his work.

J¿LAW AND ANALYSIS

Standard of Review:
“Factual findings in worker’s compensation cases are subject to the manifest error or clearly wrong standard of appellate review.” Chaisson v. Cajun Bag & Supply Co., 97-C-1225 (La.3/4/98); 708 So.2d 375. In order to properly apply the manifest error or clearly wrong standard of review, “the appellate court must determine not whether the trier of fact was right or wrong but whether the fact-finder’s conclusion was a reasonable one.” Id. at 381.
The June 25, 1998 Incident:
La.R.S. 23:1021(7)(b) (emphasis added) sets forth the claimant’s burden of proof to recover benefits for a mental injury caused by employment-related stress:
Mental injury or illness resulting from work-related stress shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter, unless the mental injury was the result of a sudden, unexpected, and extraordinary stress related to the employment and is demonstrated by clear and convincing evidence.
Under La.R.S. 23:1021(7)(b), a claimant must still prove that he has sustained “personal injury by accident” as required by La.R.S. 23:1031(A). Partin v. Merchants & Farmers Bank, 2000-1113 (La.App. 3 Cir. 5/9/01); 783 So.2d 652, Quillin v. Calcasieu Marine Nat. Bank, 96-685 (La.App. 3 Cir. 12/11/96); 690 So.2d 802. An “accident” is “an unexpected or unforseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than a simple gradual deterioration or progressive degeneration.” La.R.S. 23:1021(1).
Prior to recent jurisprudence, this circuit recognized that in order to determine | ¡¡whether work-related stress is extraordinary, “the analysis must focus on the effect a particular stress might have on a particular injured employee.” Lewis v. Beauregard Mem. Hosp., 94-318 (La.App. 3 Cir. 11/2/94); 649 So.2d 655, 661, See also Henry v. Gulf Coast Cas. Ins. Co., 95-241 (La.App. 3 Cir. 1/31/96); 670 So.2d 307. This court expressed approval of the subjective standard set forth in Lewis in Clophus v. Taco Bell Corp./Hot N’ Now, Inc. 98-1794, p. 5 (La.App. 3 Cir. 3/31/99); 732 So.2d 692, 695, by stating that “we still adhere to our view that analysis should be made on case-by-case basis and must focus on the effect a particular stress might have on a particular injured employee.”
In Partin v. Merchants & Farmers Bank, this court recently abandoned the subjective test to determine employment-related stress for an objective test in order to be in concurrence with our colleagues of the other circuits. 783 So.2d 652, 655. In Partin, we adopted the statutory analysis of Bryant v. Giani Investment Co., 626 So.2d 390 (La.App. 4 Cir.1993), writ denied, 94 0089 (La.3/18/94); 634 So.2d 852. In Bryant, the fourth circuit rejected a subjective analysis, concluding that under such a test every stress that caused actual injury would be “extraordinary” and, thus, compensable. The fourth circuit reasoned that due to the nebulous nature of mental illness and the heightened risk of feigned illness or injury, the legislature has imposed a more stringent burden of proof and specific diagnostic requirements upon claimants with alleged mental injury or illness. Id. at 392.
*181 In Partin, we stated that this court has always “... agreed that La.R.S. 23:1021(7)(b) reflects a legislative intent to stringently condition an award of benefits for mental injury or illness ...” 783 So.2d at 655. Furthermore, this legislative intent 1 ^contemplates instances of work-related mental injuries not caused by an “extraordinary stress” and, thus not covered by worker’s compensation. Id.
The legislative interpretation by this court in Partin is accurate. We agree that the legislative intent was to ensure that not all work-related mental injuries are caused by an “extraordinary stress” and therefore not covered by workers’ compensation. However, either an objective test or a subjective test may be applied, both yielding results consistent with the intent of the legislature. Because either test may be used, the test offering a superior analysis while conforming with legislative intent should be used. A subjective test leaves room for the individual’s actual mental state and therefore offers a superi- or analysis as compared to an objective reasonable person test. As stated, some instances would not be covered by workers’ compensation using a subjective test. The converse is also true. In denying workers’ compensation coverage using a subjective standard, this court held that “[i]t is not unexpected on a job that an employer will discuss job performance with an employee” and upon failure by the plaintiff to show that he or she experienced an extraordinary stress which caused the .injury “an employee may not recover from mental stress or injury related to ‘general conditions of employment.’ ” Clophus, 732 So.2d at 697. Thus, a subjective standard does not always allow recovery in workers’ compensation cases involving mental injury as the reasoning in Bryant would suggest. Accordingly, an analysis made on a case-by-case basis focusing on the effect a particular stress might have on the particular injured employee would not be inconsistent with legislative intent. Because the subjective approach takes into account the individual’s actual mental state while complying with legislative intent, it is superior to the objective |7standard and should be the test used by this court. Having said this, we must nevertheless acknowledge the holding in Partin in which a sharply divided court created a rule for this circuit that calls for an objective test to determine employment-related stress. While another chapter in this debate may one day be written, it will not be written here as it is clear that the facts of the present case cannot sustain an award for the claimant under either theory.
Mr. Montgomery was required to prove pursuant to La.R.S. 23:1021(7)(b) that there had been a “sudden, unexpected, and extraordinary stress.” An analysis of the record reflects that the trial court was reasonable in finding that Mr. Montgomery failed to prove he experienced an extraordinary stress causing his mental disorder. The record shows that the occurrence at work on June 25, 1998 was not a heated nor a hostile argument, but rather an ordinary investigation conducted by a supervisor of an employee’s job performance. There is no testimony in Mr. Montgomery’s claim that there was any loud discussion between Mr. Montgomery or his supervisors.
As recognized by the first circuit, all employees are subject to workplace rules and violation of such rules may produce unpleasant consequences. Aucoin v. Dow Chemical Co., 98-1912 (LaApp. 1 Cir. 9/24/99); 745 So.2d 682, writ denied, 99-3596 (La.2/18/00); 754 So.2d 968. Mr. Montgomery testified that he was aware of company policies prohibiting his behavior and that he continued the unauthorized *182 activities knowing of his supervisors’ disapproval. He had to be aware that at some point in time his actions would be discussed by his supervisors. It is certainly a stressful situation for an employee to face termination; however, termination sometimes becomes necessary and, when handled properly, cannot be held to be a Issudden, unexpected and extraordinary stressful situation such as to allow a claim for workers’ compensation.
The fact that Mr. Montgomery had to wait outside Mr. Marchand’s office for most of the workday would seem to be an extraordinary event; however, the record reveals otherwise. Mr. Marchand testified that, in connection with an investigation into possible violations of DOTD policy, it is standard policy and procedure to separate a supervisor who is being investigated from other employees. The reason for this policy is to ensure the supervisor does not have the opportunity to intimidate subordinates questioned in connection with the investigation. Furthermore, Mr. Mar-chand testified that investigations similar to Mr. Montgomery’s had been conducted in the past and the reason Mr. Montgomery’s took longer than average was due to the number of violations being investigated. Therefore, we find that the trial court could have reasonably concluded that the wait outside of Mr. Marchand’s office was not extraordinary considering the policy and procedure of DOTD and Mr. Montgomery’s history of verbal abuse and harassment of his subordinates.
Mr. Montgomery was called into Mr. Marchand’s office at approximately 5:30 p.m. and a meeting to discuss Mr. Montgomery’s job performance ensued. The meeting lasted until approximately 11:00 p.m. Although the meeting lasted five-hours, as previously stated, Mr. Montgomery was involved in a DOTD investigation with standard policies and procedures that needed to be followed. Thus, we find the trial court could have reasonably concluded that the discussion was not extraordinary considering DOTD’s policy and procedure and the amount of information that needed to be addressed. Accordingly, we find the workers’ compensation judge did not err |9in finding that the incident on June 25, 1998, was not a sudden, unexpected and extraordinary stress.
Hypertension:
Plaintiff urges that the trial court erred by ignoring evidence that he suffered from work induced hypertension as a result of the June 25, 1998, incident. Mr. Montgomery claims that although he suffered from hypertension for years, the stress resulting from the June 25, 1998 accident made the hypertension uncontrollable.
La.R.S. 23:1021(7)(b) requires that a workers’ compensation claimant seeking mental injury benefits prove, by clear and convincing evidence, that his or her injury is the result of a sudden, unexpected, and extraordinary stress related to employment. Mr. Montgomery has failed to show that the alleged hypertension was caused by a sudden, unexpected and extraordinary stress, as required by statute. Accordingly, Mr. Montgomery is not entitled to workers’ compensation benefits for his alleged hypertension. Hence, we find no error in the trial court’s failure to address plaintiffs claim of hypertension.

Decree:

In light of the foregoing, the workman’s compensation claim of plaintiff is denied and the judgment of the workers’ compensation judge is affirmed. All costs of these proceedings assessed to Plaintiff.
AFFIRMED.