STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 10-40


ROSEMARY DELRIE

VERSUS

PEABODY MAGNET HIGH SCHOOL


**********


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - NUMBER TWO
PARISH OF RAPIDES, NO. 08-02940
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE


**********


**BILLY HOWARD EZELL**
**JUDGE**


**********


Court composed of Sylvia R. Cooks, Billy Howard Ezell, and J. David Painter, Judges.


**AFFIRMED.**


**George Arthur Flournoy**
**Flournoy, Doggett & Losavio**
**P. O. Box 1270**
**Alexandria, LA 71309-1270**
**(318) 487-9858**
**Counsel for Plaintiff/Appellant:**
**Rosemary Delrie**

**Michael Thomas Johnson**
**Johnson & Siebeneicher**
**P. O. Box 648**
**Alexandria, LA 71309**
**(318) 484-3911**
**Counsel for Defendant/Appellee:**
**Peabody Magnet High School**

**EZELL, JUDGE.**

In this workers' compensation matter, Rosemary Delrie appeals the decision of the workers' compensation judge dismissing her claim for workers' compensation benefits against Peabody Magnet High School (PMHS). For the following reasons, we hereby affirm the decision of the workers' compensation judge.

On November 30, 2007, Rosemary was teaching home economics at PMHS when a student at the school entered her classroom, claiming that people were shooting inside the school. The student pretended to be upset and to attempt to hide. After five to ten minutes, Rosemary asked the student if he was telling the truth. At that point, the student admitted the event was a hoax. The dismissal bell then rang, and the students in the class left the classroom and went home for the weekend. After reporting the incident to her vice-principles, disciplinary action was taken against the student, who was expelled from school for repeated violations of the student conduct policy. Subsequent to the hoax, Rosemary began to experience feelings of depression and impending doom. Rosemary remained at PMHS for two weeks before taking time off. She never returned to work at PMHS. She sought treatment from Dr. Hugh Bryan, who diagnosed her as suffering from Post Traumatic Stress Disorder (PTSD).

Rosemary then filed the current claim for workers' compensation benefits, claiming that her PTSD was caused by the November 30 incident. After a trial on the matter, the workers' compensation judge dismissed Rosemary's claim against PMHS, finding that she failed to prove her PTSD was caused by the hoax alone. From that decision, Rosemary appeals.

Rosemary asserts four assignments of error on appeal: that the workers' compensation judge erred in finding her PTSD was not caused by a sudden, unexpected, and extraordinary event; that the workers' compensation judge erred in

1

failing to award temporary, total disability benefits and supplemental earnings benefits; that the workers' compensation judge erred in failing to award penalties for the failure to pay benefits and medical expenses; and that the workers' compensation judge erred in failing to award her attorney's fees.

> In worker's compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error-clearly wrong" standard. *Brown v. Coastal Construction & Engineering, Inc.*, 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10, (citing *Alexander v. Pellerin Marble & Granite*, 93-1698, pp. 5-6 (La.1/14/94), 630 So.2d 706, 710). Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. *Alexander*, 630 So.2d at 710. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Robinson v. North American Salt Co.*, 02-1869 (La.App. 1 Cir. [6/27/03] ), 865 So.2d 98, 105.

*Dean v. Southmark Const.*, 03-1051, p. 7 (La. 7/6/04), 879 So.2d 112, 117.

> Mental injury or illness resulting from work-related stress shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter, unless the mental injury was the result of a sudden, unexpected, and extraordinary stress related to the employment and is demonstrated by clear and convincing evidence.

Louisiana Revised Statutes 23:1021(7)(b).

> Generally, for a claimant to be entitled to benefits under this provision, the mental injury must be precipitated by an accident, i.e., an unexpected and unforeseen event that occurs suddenly or violently. *Favorite v. Louisiana Health Care Authority*, 98-721, p. 4 (La.App. 5 Cir. 12/16/98), 725 So.2d 556, 558 (citing *Sparks v. Tulane Med. Center Hosp. & Clinic*, 546 So.2d 138 (La.1989).) Therefore, a mere showing that the claimant's mental condition is related to general conditions of employment, or to incidents occurring over an extended period of time, is insufficient to justify compensation under the Act. *Id.*; *Edwards v. Fi[sc]hbach & Moore, Inc.*, 31,372 (La.App. 2 Cir. 12/9/98), 722 So.2d 344. Moreover, Louisiana courts have uniformly held that an objective test (rather than merely the subjective viewpoint of the claimant) is used to determine whether the stress that triggers a mental injury is "extraordinary;" thus, it must be stress that would be considered "sudden, unexpected and extraordinary" by a reasonable person of usual sensibilities. See, e.g.: *Tranchant v. Environmental Monitoring Service,*

2

*Inc.*, 00-1160 (La.App. 5 Cir. 12/13/00), 777 So.2d 516; *Edwards v. Fischbach & Moore, Inc., supra*; *Aucoin v. Dow Chemical Co.*, 98-1912 (La.App. 1 Cir. 9/24/99), 745 So.2d 682.

*Hankton v. City of New Orleans*, 01-714, p.6 (La.App. 4 Cir. 6/19/02), 821 So.2d 730, 734, *writ denied*, 02-2004 (La. 10/25/02), 827 So.2d 1157.

The "clear and convincing" standard requires a demonstration that the existence of a disputed fact is highly probable, that is, much more probable than its nonexistence. *Edwards*, 722 So.2d 344. Whether a claimant has carried his or her burden of proof and whether testimony is credible are questions of fact to be determined by the trier of fact. *Allman v. Washington Parish Police Jury*, 04-600, (La.App. 1 Cir. 3/24/05), 907 So.2d 86.

Here, the workers' compensation judge found that Rosemary failed to carry her clear and convincing burden of proof. The workers' compensation judge found that Rosemary failed to show that a practical joke, even one as distasteful as the one played here, was an extraordinary event in the course of her employment as a high school teacher. This finding is supported by the record before this court. While Rosemary may have found the event to be extraordinary and violent, the record indicated that the vice-principle and, more importantly, the students present during the joke found the joke to be obvious, even if unfortunate in its results. The record also indicates that both psychologists involved in the matter found Rosemary to be more susceptible to PTSD than normal due to her long history of emotional and physical violence, as well as her resulting psychological profile. Plainly put, the workers' compensation judge found that people of reasonable sensibilities would and did not find the act to be extraordinary in the life of a high school teacher. That finding is supported by the record and cannot, therefore, be manifestly erroneous.

3

Even more damningly, Rosemary failed to show that her PTSD was a result of the incident alone, but rather, was the result of a culmination of events starting with the hoax and continuing over the course of the next few weeks. Rosemary continued to work at PMHS for two weeks following the hoax. However, in that time, she felt as if she did not get the support of the staff at PMHS and that she was made fun of by staff as well as students. Rosemary felt physically threatened by her students, who blamed her for the expulsion of their friend. These students often inquired about what kind of car she drove or where she lived in a manner Rosemary found to be intimidating. Dr. Hugh Bryan, Rosemary's treating psychologist, testified in his deposition that these events were "part of the trauma" and were "even more terrifying for her." It was Dr. Bryan's impression that it was a combination of the hoax and the events in the following days that caused her PTSD.

Moreover, Dr. Warren Lowe, who performed an independent psychological examination, found that while Rosemary did suffer from depression and PTSD, it was a result of "school events, or Mrs. Delrie's perception of those events, which occurred in the days following the initial incident" as well as the event itself. While Dr. Lowe stated that the event alone "could have" caused the PTSD suffered by Rosemary, the workers' compensation judge found that assertion inadequate to meet the "clear and convincing" burden of proof required in this case. Even Rosemary's initial claim in this suit stated that her injuries arose from disruptive behavior of "students," plural, and from "non-support and rude behavior from other teachers and support staff." Unfortunately for Rosemary, incidents occurring over an extended period of time are insufficient to justify compensation under Louisiana Revised Statutes 23:1021(7)(b). *See Hankton,* 821 So.2d 730. There is no error in the workers' compensation judge's finding that Rosemary failed to carry her burden of clear and convincing proof that

4

her PTSD was the result of one sudden, unexpected, and extraordinary event.

Because we find that Rosemary did not carry her burden of proving that she sustained a compensable mental injury, we need not address her other assignments of error.

For the above reasons, we hereby affirm the decision of the workers' compensation judge. Costs of this appeal are hereby assessed against Rosemary Delrie.

**AFFIRMED.**